**Sebastian Tapia, OSB #043761**
Sebastian.Tapia@lanecountyor.gov
LANE COUNTY OFFICE OF LEGAL COUNSEL
125 East 8th Avenue
Eugene, OR 97401
Phone: 541-682-3728
Telephone: 541.682.3728
Facsimile: 541.682.3803

**Stephen Dingle, OSB #842077**
Stephen.Dingle@lanecountyor.gov
LANE COUNTY OFFICE OF LEGAL COUNSEL
125 E 8th Avenue
Eugene, OR 97401
Phone: 541-682-3728
Telephone: 541.682.3728
Facsimile: 541.682.3803

Attorneys for Defendants Wilson, Edwards, Gawith, Gent, Baeuerlen, Foley, Fisher, Fifer, McClure, Jester, Santini, Riley, Lane County

UNITED STATES DISTRICT COURT DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ANZHELIKA PAYNE, personal representative to the estate of LANDON JAY PAYNE,<br><br>Plaintiff,<br><br>vs.<br><br>JAIRO SOLORIO, an individual,<br>ANDREW ROBERTS, an individual,<br>JACOB THOMAS, an individual,<br>ROBERT GRIESEL, an individual,<br>JUSTIN WILSON, an individual,<br>KIMBERLY FULTON, an individual,<br>EMMA EDWARDS, an individual,<br>COLTER GAWITH, an individual,<br>NATHAN GENT, an individual,<br>MICHAEL BAEUERLEN, an individual,<br>STEPHEN FOLEY, an individual,<br>JOSEPH FISHER, an individual,<br>JEREMY FIFER, an individual,<br>WILLIAM MCCLURE, an individual,<br>LANCE JESTER, an individual,<br>CLINT RILEY, an individual,<br>C. SANTINI, an individual,<br>LANE COUNTY and CITY OF EUGENE, a municipal corporation.<br>Defendants. | Case No. 6:22-cv-00471-MC<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Jury Trial Requested |

Defendants Wilson, Edwards, Gawith, Gent, Baeuerlen, Foley, Fisher, Fifer, McClure, Jester, Santini, Riley, Lane County (herein "Lane County Defendants") answer Plaintiff's complaint as follows:

1.

Lane County Defendants deny every allegation in the complaint, except as expressly admitted or alleged below.

2.

Lane County Defendants lack sufficient information to admit or deny section 1, paragraphs 1, 2, 3, 4, 5 and therefore deny.

3.

Lane County Defendants admit section 1, paragraph 6.

4.

Lane County Defendants admit that Plaintiff's alleges claims in section 2 but denies that Plaintiff is entitled the judgment or damages he seeks.

5.

Lane County Defendants admit paragraphs 3 and 4.

6.

Lane County Defendants deny that Plaintiff's wife learned of this claim when the article was published and deny that the timing of this lawsuit satisfies the Oregon Tort Claims Act. Lane County Defendants admit there was a news article in July 2021 concerning Mr. Payne's death, but lack sufficient information to admit or deny the remaining allegations in paragraph 5 and therefore deny.

7.

Lane County Defendants admit paragraph 6.

8.

Lane County Defendants take no position as to allegations in paragraphs 7, 8, 9, 10, 11, 12 as they pertain to other defendants.

9.

Lane County Defendants deny that the broad language used in the first sentence of paragraph 13 is an accurate summary of the relevant law. Lane County Defendants admit to the remaining two sentences, except to deny that Kimberly Fulton was correctly identified as a defendant.

10.

Lane County Defendants admit they were acting under color of State Law as alleged in paragraph 14.

11.

Defendant Riley admits/denies paragraph 15. Defendant Wilson admits paragraph 16. Defendant Fulton denies paragraph 17.  Defendant Gawith admits paragraph 18.  Defendant Gent admits paragraph 19.  Defendant Foley admits paragraph 20.  Defendant Baeuerlen admits paragraph 21.  Defendant Edward admits paragraph 22.  Defendant Fisher denies paragraph 23.  Defendant Fifer admits paragraph 24.  Defendant McClure admits paragraph 25. Defendant Jester admits paragraph 26.  Defendant Santini admits paragraph 27.

12.

Lane County Defendants take no position as to allegations in paragraphs 28 to 61 as they pertain to other defendants.

13.

Lane County Defendants deny paragraph 62.

14.

Lane County Defendants admit paragraph 63.

15.

Lane County Defendants lack sufficient information to admit or deny paragraph 64 and therefore deny.

16.

Lane County Defendants admit paragraph 65.

17.

Lane County Defendants lack sufficient information to admit or deny paragraphs 66 to 77 and therefore deny.

18.

Lane County Defendants admit paragraph 78.

19.

Lane County Defendants lack sufficient information to admit or deny paragraphs 79 to 93 and therefore deny.

20.

Lane County Defendants admit paragraph 94.

21.

Lane County Defendants admit that the location that medical staff would test incoming arrestees for a fever had changed, but otherwise deny paragraph 95.

22.

Lane County Defendants admit that Plaintiff was described as combative, but lack sufficient information to admit or deny the remainder of paragraph 96 and therefore deny.

23.

Lane County Defendants admit that they were told that a tazer had been deployed, but lack sufficient information to admit or deny the remainder of paragraph 97.

24.

Lane County Defendants admit that Bualerlen is likely the person who communicated with Mr. Payne and otherwise admit paragraph 98.

25.

Defendant Jester admits paragraph 99.

26.

Lane County Defendants admit 100.

27.

Lane County Defendants admit 101.

28.

Lane County Defendants take no position as to allegations in paragraph 102 as they pertain to other defendants.

29.

Lane County Defendants admit 103.

30.

Lane County Defendants take no position as to allegations in paragraph 104 as they pertain to other defendants.

31.

Lane County Defendants deny paragraph 105.

32.

Lane County Defendants deny that Plaintiff was not actively resisting, but otherwise admit paragraph 106.

33.

Lane County Defendants admit that Plaintiff was on the ground, that he had leg restraints for part of that time, and that his arms were restrained as alleged in paragraph 107.

34.

Lane County Defendants admit paragraph 108, except to deny that Plaintiff was partially on his side for some of the interaction.

35.

Lane County Defendants admit that multiple deputies placed weight on Mr. Payne, but deny the remaining allegations in paragraph 109.

36.

Lane County Defendants deny the implication that defendants slammed Plaintiff's head

to the ground, but otherwise admit paragraph 110.

37.

Lane County Defendants lack sufficient information to admit or deny paragraph 111, and therefore deny.

38.

Lane County Defendants admit paragraph 112.

39.

Lane County Defendants admit that they began CPR but deny the remainder of paragraph 113.

40.

Lane County Defendants admit that EMTs took over CPR but lack sufficient information to admit or deny the reminder of paragraph 114, and therefore deny.

41.

Lane County Defendants lack sufficient information to admit or deny paragraphs 115 to 120 and therefore deny.

42.

Lane County Defendants admit paragraphs 121 to 124.

43.

As to paragraph 125, Lane County Defendants re-assert their answers to paragraphs 1 to 124.

44.

Lane County Defendants take no position as to paragraphs 125 to 129, as those pertain to other defendants.

45.

As to paragraph 130, Lane County Defendants re-assert their answers to paragraphs 1 to 124.

46.

Plaintiff was never in Lane County Defendants' custody and accordingly deny paragraphs 131 to 134.

47.

As to paragraph 135, Lane County Defendants re-assert their answers to paragraphs 1 to 124.

48.

Lane County Defendants take no position as to allegations in paragraphs 136 to 143.

49.

As to paragraph 144 Lane County Defendants re-assert their answers to paragraphs 1 to 124.

50.

Lane County Defendants deny paragraphs 145 to 152.

51.

As to paragraph 153 Lane County Defendants re-assert their answers to paragraphs 1 to 124.

52.

Lane County Defendants take no position as to paragraphs 154 to 160, as those pertain to other defendants.

53.

As to paragraph 161 Lane County Defendants re-assert their answers to paragraphs 1 to 124.

54.

Lane County Defendants take no position as to paragraphs 162 to 166, as those pertain to other defendants.

55.

As to paragraph 167 Lane County Defendants re-assert their answers to paragraphs 1 to 124.

56.

Lane County Defendants deny paragraphs 168 to 172.

57.

As to paragraph 173 Lane County Defendants re-assert their answers to paragraphs 1 to 37.

58.

Lane County Defendants deny paragraphs 174 to 177.

59.

As to paragraph 178 Lane County Defendants re-assert their answers to paragraphs 1 to 37.

60.

Lane County Defendants deny paragraphs 179 to 183.

61.

As to paragraph 184 Lane County Defendants re-assert their answers to paragraphs 1 to 37.

62.

Defendant Riley denies paragraphs 185 to 190.

63.

Lane County Defendants deny that Plaintiff is entitled to the remedies requested.

FACTS

64.

On information and belief, decedent was negligent in the resulting injury by consuming methamphetamine when he was aware or should have been aware that the drug could cause him to enter a manic episode, come into contact with law enforcement, cause him to be agitated, combative and physically unstable.

65.

At no time relevant to this cause of action was Plaintiff ever in the custody of Lane

County Defendants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

66.

Without admitting any of the Plaintiff's allegations of fact or law, Defendants assert the following affirmative defense collectively and in the alternative in response to Plaintiff's claims.

(Contributory Negligence)
Wrongful Death

67.

Lane County Defendants re-allege and incorporate herein paragraph 64.

If Defendants can prove that the decedent, comparatively, was at fault for his own death, the damages shall be diminished in the proportion to the percentage of fault attributable to him under ORS 31.600.

### SECOND AFFIRMATIVE DEFENSE

67.

Defendants are entitled to immunity and/or qualified immunity.

### DEMAND FOR JURY TRIAL

Defendants request a jury trial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

{00221800;2}
DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES - 9

## PRAYER FOR RELIEF

WHEREFORE, defendants pray for relief as follows:

    a.    Defendants request judgment in their favor;

    b.    Their costs and disbursements incurred herein;

    c.    Their attorney fees and expert fees pursuant to 42 USC § 1988, ORS 20.105, 20.190, Fed. R. Civ. P. 54 and ORCP 68; and,

    d.    For such other and further relief as the court deems just and equitable.

DATED this 27th day of April, 2022.

                      LANE COUNTY OFFICE OF LEGAL COUNSEL

                      By:   *s/ Sebastian Tapia*
                            Sebastian Tapia, OSB #043761
                            Telephone: 541.682.3728
                            Facsimile: 541.682.3803

                            *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2022, the foregoing DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES was served on the parties listed below by electronic filing, and addressed as follows:

| **Name and Address:** | Service Method: |
|---|---|
| Willow R. Hillman<br>LAW OFFICE OF WILLOW HILLMAN, LLC<br>44 Broadway, Suite 222<br>Eugene, OR 97401<br>willow@willowhillmanlaw.com<br>Of Attorney for Plaintiff | **CM/ECF, email** |
| Ben Miller<br>Eugene City Attorney's Office<br>101 W 10th Ave Ste 203<br>Eugene, OR 97401<br>bmiller@eugene-or.gov<br>Of Attorneys for Defendants | **CM/EFC, email** |

OFFICE OF LANE COUNTY LEGAL COUNSEL

/s/ Sebastian Tapia
Sebastian Tapia, OSB #043761
Lane County Office of Legal Counsel
125 E. 8th Avenue
Eugene, OR 97401
Of Attorney for Defendants