**Ben Miller, OSB #074690**
**BMiller@eugene-or.gov**
Eugene City Attorney's Office
101 W. 10th Avenue, Suite 203
Eugene, OR 97401
Telephone: (541) 682-8447
Facsimile:  (541) 682-5414

Of Attorneys for Defendants City of Eugene,
Jairo Solorio, Andrew Roberts, Jacob Thomas, and
Robert Griesel

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **ANZHELIKA PAYNE,** Personal Representative to the Estate of LANDON JAY PAYNE,<br><br>Plaintiff,<br><br>v.<br><br>**JAIRO SOLORIO,** an individual, **ANDREW ROBERTS,** an individual, **JACOB THOMAS,** an individual, **ROBERT GRIESEL,** an individual, **JUSTIN WILSON,** an individual, **KIMBERLY FULTON,** an individual, **EMMA EDWARDS,** an individual, **COLTER GAWITH,** an individual, **NATHAN GENT,** an individual, **MICHAEL BAEUERLEN,** an individual, **STEPHEN FOLEY,** an individual, **JOSEPH FISHER,** an individual, **JEREMY FIFER,** an individual, **WILLIAM MCCLURE,** an individual, **LANCE JESTER,** an individual, **CLINT RILEY,** an individual, **C. SANTINI,** an individual, **LANE COUNTY,** and **CITY OF EUGENE,** a municipal corporation,<br><br>Defendants. | Case No: 6:22-cv-00471-MC<br><br>**DEFENDANTS CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

For their Answer to plaintiff's Complaint, defendants City of Eugene, Jairo Solorio,

PAGE 1 - DEFENDANTS CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Andrew Roberts, Jacob Thomas, and Robert Griesel (collectively "Defendants") admit, deny, and allege as follows:

1.

Paragraph 1 actually consists of six paragraphs, in violation of Fed. R. Civ. P. 8 and 10(b), providing a narrative from plaintiff's perspective of the events of March 27, 2020. Because the factual allegations are addressed later in the Complaint, Defendants incorporate those admissions or denials. Defendants otherwise deny paragraph 1 as written.

2.

In response to paragraph 2, Defendants admit that plaintiff brings an action under 42 U.S.C. § 1983 based on events that occurred on March 27, 2020; and admit that plaintiff makes allegations about unreasonable use of force in violation of the Fourth Amendment to the United States Constitution and about the state law torts of negligence and intentional infliction of emotional distress. Defendants admit that plaintiff seeks damages and attorney fees but denies she is entitled to those. Defendants otherwise deny paragraph 2 as written.

3.

Defendants admit paragraph 3.

4.

In response to paragraph 4, Defendants admit that venue is proper under 28 U.S.C. § 1391(b) in that one or more of the defendants reside in the District of Oregon and that a substantial part of the alleged events or omissions giving rise to the claims occurred in the District of Oregon but deny the events occurred as plaintiff alleges. Defendants otherwise deny paragraph 4 as written.

5.

Defendants deny paragraph 5.

6.

In response to paragraph 6, Defendants admit that Anzhelika Payne is the appointed personal representative of the estate of Landon Payne in Lane County Circuit Court Case No.

PAGE 2 - DEFENDANTS CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

22PB02090. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6 and, therefore, deny them.

7.

In response to paragraph 7, Defendants admit that the City of Eugene is a municipality, incorporated under the laws of the State of Oregon, that it may be sued under 42 U.S.C. § 1983 under present caselaw. Defendants admit the City of Eugene employed Jairo Solorio, Andrew Roberts, Jacob Thomas, and Robert Griesel. The remainder of paragraph 7 consists of legal conclusions to which no response is required. To the extent a response is required defendants deny them.

8.

In response to paragraph 8, Defendants admit that on March 27, 2020, Eugene Police Department officers' actions undertaken with respect to Mr. Payne were undertaken under color of law. Defendants otherwise deny paragraph 8 as written.

9.

In response to paragraph 9, defendants admit that on March 27, 2020, Jairo Solorio was employed by the City of Eugene Police Department as a law enforcement officer and that his actions undertaken with respect to Mr. Payne were undertaken within the course and scope of his employment by the City of Eugene. Defendants admit he is sued in his individual capacity and that he is a citizen and resident of the State of Oregon. The remainder of paragraph 9 consists of legal conclusions to which no response is required. To the extent a response is required defendants deny them.

10.

In response to paragraph 10, defendants admit that on March 27, 2020, Andrew Roberts was employed by the City of Eugene Police Department as a law enforcement officer and that his actions undertaken with respect to Mr. Payne were undertaken within the course and scope of his employment by the City of Eugene. Defendants admit he is sued in his individual capacity and that he is a citizen and resident of the State of Oregon. The remainder of paragraph 10 consists of

legal conclusions to which no response is required. To the extent a response is required defendants deny them.

11.

In response to paragraph 11, defendants admit that on March 27, 2020, Jacob Thomas was employed by the City of Eugene Police Department as a law enforcement officer and that his actions undertaken with respect to Mr. Payne were undertaken within the course and scope of his employment by the City of Eugene. Defendants admit he is sued in his individual capacity and that he is a citizen and resident of the State of Oregon. The remainder of paragraph 11 consists of legal conclusions to which no response is required. To the extent a response is required defendants deny them.

12.

In response to paragraph 12, defendants admit that on March 27, 2020, Robert Griesel was employed by the City of Eugene Police Department as a law enforcement officer and that his actions undertaken with respect to Mr. Payne were undertaken within the course and scope of his employment by the City of Eugene. Defendants admit he is sued in his individual capacity and that he is a citizen and resident of the State of Oregon. The remainder of paragraph 12 consists of legal conclusions to which no response is required. To the extent a response is required defendants deny them.

13.

Paragraphs 13 through 27 concern allegations against other defendants and so no response is required. To the extent any response is required, these Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs 13 through 27 and, therefore, deny those allegations.

14.

In response to paragraph 28, Defendants admit that Eugene Police Officers Jairo Solorio, Andrew Roberts, and Jacob Thomas were dispatched to a report of a disturbance in a residential neighborhood caused by a man. Defendants otherwise deny paragraph 28 as written.

15.

In response to paragraph 29, Defendants admit that Eugene Police Department Policy Number 418.3 provides that "All sworn officers will attend CIT training during the Oregon DPSST Basic Academy or during a separate training class. CIT refresher training will be conducted during in-service training." Defendants otherwise deny paragraph 29 as written.

16.

In response to paragraph 30, Defendants admit that Eugene Police Department Policy Number 418.3 provides that "Officers are expected to use their CIT training when responding to incidents involving persons in crisis due to a known or perceived mental illness." Defendants otherwise deny paragraph 30 as written.

17.

Defendants deny paragraph 31.

18.

In response to paragraph 32, Defendants admit that Anzhelika Payne had called 911, that the call was recorded, and to the extent paragraph 32 accurately and contextually describes that recording, defendants admit that is what occurred. Defendants otherwise deny paragraph 32 as written.

19.

In response to paragraph 33, Defendants admit that radio traffic and a CAD report provided information about Landon Payne, and to the extent paragraph 33 accurately and contextually describes that information, defendants admit it was available. Defendants otherwise deny paragraph 33 as written.

20.

In response to paragraphs 34 through 43, Defendants admit that there is body-worn camera footage of the interaction between Officer Solorio, Landon Payne, and Anzhelika Payne and to the extent paragraphs 34 through 43 accurately and contextually describe that footage, defendants admit that is what occurred. Defendants otherwise deny paragraphs 34 through 43 as

written.

21.

In response to paragraph 44, Defendants admit that Eugene Police Department Policy Number 418.3.1 lists some general signs and symptoms of behavior that may suggest a mental health crisis, including strong and unrelenting fear of persons, places or things. Defendants otherwise deny paragraph 44 as written.

22.

In response to paragraphs 45 through 48, Defendants admit that there is body-worn camera footage of the interaction between Officer Solorio, Landon Payne, and Anzhelika Payne and to the extent paragraphs 45 through 48 accurately and contextually describe that footage, defendants admit that is what occurred. Defendants otherwise deny paragraphs 45 through 48 as written.

23.

Defendants deny paragraph 49.

24.

In response to paragraphs 50 through 54, Defendants admit that there is body-worn camera footage of the interaction between Officer Solorio, Landon Payne, and Anzhelika Payne and to the extent paragraphs 50 through 54 accurately and contextually describe that footage, defendants admit that is what occurred. Defendants otherwise deny paragraphs 50 through 54 as written

25.

Defendants deny paragraph 55.

26.

In response to paragraph 56, Defendants admit that Eugene Police Department Policy Number 418.4(a) provides that "ORS 426.228 authorizes peace officers to take into custody a person who the officer has probable cause to believe is dangerous to self or to any other person and is in need of immediate care, custody, or treatment for mental illness." Defendants otherwise

deny paragraph 56 as written.

27.

In response to paragraph 57, Defendants admit they understood the authority and limitations of ORS 426.228. Defendants otherwise deny paragraph 57 as written.

28.

Defendants deny paragraph 58.

29.

In response to paragraph 59, Defendants admit that Eugene Police Department Policy Number 300.2.1 provides that: "While this department recognizes the statutory power of peace officers to make arrests throughout the state, officers are encouraged to use sound discretion in the enforcement of the law." Defendants otherwise deny paragraph 59 as written.

30.

In response to paragraph 60, Defendants admit that the warrant was issued from Marion County Circuit Court for Contempt of Court. Defendants otherwise deny paragraph 60 as written.

31.

Defendants deny paragraph 61 as written.

32.

Defendants deny paragraph 62 as written.

33.

Paragraph 63 lacks sufficient specificity for Defendants to admit or deny the allegations and, therefore, these Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 63 and, therefore, deny those allegations.

34.

In response to paragraph 64, Defendants admit that at the time of their encounter with Landon Payne on March 27, 2020, local mental health crisis centers were and had been closed. Defendants lack knowledge and information sufficient to form a belief as to the truth of the

remainder of the allegations in paragraph 64 and, therefore, deny those allegations.

35.

Paragraph 65 concerns the motivations of defendant Lane County, and so these Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 65 and, therefore, deny those allegations.

36.

In response to paragraph 66, Defendants admit that once the warrant was confirmed Officer Solorio and Officer Roberts moved in to arrest Mr. Payne. Defendants otherwise deny paragraph 66 as written.

37.

In response to paragraph 67, Defendants admit that there is body-worn camera footage of the interaction between Officer Solorio, Officer Thomas, Officer Roberts, and Landon Payne and to the extent paragraph 67 accurately and contextually describes that footage, defendants admit that is what occurred. Defendants otherwise deny paragraph 67 as written.

38.

Defendants deny paragraph 68.

39.

In response to paragraphs 69 through 80, Defendants admit that there is body-worn camera footage of the interaction between Sergeant Griesel, Officer Solorio, Officer Thomas, Officer Roberts, Landon Payne, and Anzhelika Payne and to the extent paragraphs 69 through 80 accurately and contextually describe that footage, defendants admit that is what occurred. Defendants otherwise deny paragraphs 69 through 80 as written.

40.

In response to paragraph 81, Defendants admit that Eugene Police Department Policy Number 809.5 provides "Any person who has been subjected to the electric discharge of a Taser and/or struck by Taser probes will be medically assessed prior to being booked at a correctional facility." Defendants otherwise deny paragraph 81 as written.

PAGE 8 - DEFENDANTS CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

41.

In response to paragraphs 82 through 94, Defendants admit that there is body-worn camera footage of the interaction between Sergeant Griesel, Officer Solorio, Officer Thomas, Officer Roberts, Landon Payne, and Anzhelika Payne and to the extent paragraphs 82 through 94 accurately and contextually describe that footage, defendants admit that is what occurred. Defendants otherwise deny paragraphs 82 through 94 as written.

42.

Paragraph 95 concerns the timing and policies of defendant Lane County, and so these Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 95 and, therefore, deny those allegations.

43.

In response to paragraphs 96 through 105, Defendants admit that there is body-worn camera footage and in-car video footage of the transport and interaction between Officer Solorio, Landon Payne, and Lane County Jail Deputies and to the extent paragraphs 96 through 105 accurately and contextually describe that footage, defendants admit that is what occurred. Defendants otherwise deny paragraphs 96 through 105 as written.

44.

Paragraphs 106 through 113 describe actions of other Lane County defendants to which these Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs 106 through 113 and, therefore, deny those allegations.

45.

In response to paragraph 114, Defendants admit that EMTs were called and performed CPR but otherwise lack information sufficient to admit or deny the remainder of the allegations in paragraph 114 as written.

46.

In response to paragraph 115, Defendants admit that Anzhelika Payne received a phone call informing her Landon Payne had collapsed and was taken to a hospital but lack knowledge

and information sufficient to form a belief as to the truth of the exact text of what was said and, therefore, deny those allegations.

47.

In response to paragraph 116, Defendants admit that Officer Solorio wrote in his report: "Due to his condition, I was unable to lodge Landon at the jail and instead served him a Cite In Lieu of Custody at the hospital. Landon was treated for any injury or medical condition and was in stable condition after I served his citations." Defendants otherwise deny paragraph 116 as written.

48.

In response to paragraph 117, Defendants lack knowledge or information about the condition of Landon Payne at the time the citations were served, other than what was told to Officer Solorio by a nurse (that he was stable), and so otherwise deny paragraph 117 as written.

49.

Paragraph 118 calls for a legal conclusion and so to the extent any response is required Defendants admit that the service of the citations had the effect prescribed by law. Defendants otherwise deny paragraph 118 as written.

50.

In response to paragraphs 119 through 124, Defendants admit that Landon Payne died on or about March 30, 2020. Defendants otherwise lack knowledge or information sufficient to admit or deny the other allegations in paragraphs 119 through 124, and so otherwise deny those paragraphs as written.

51.

In response to paragraph 125, Defendants repeat their previous responses to paragraphs 1 through 124.

52.

Defendants deny paragraphs 126 through 129.

/ / /

53.

In response to paragraph 130, Defendants repeat their previous responses to paragraphs 1 through 129.

54.

Paragraphs 131 through 134 are directed at other defendants. To the extent any response is required, these Defendants deny paragraphs 131 through 134.

55.

In response to paragraph 135, Defendants repeat their previous responses to paragraphs 1 through 134.

56.

Defendants deny paragraphs 136 through 143.

57.

In response to paragraph 144, Defendants repeat their previous responses to paragraphs 1 through 143.

58.

Paragraphs 145 through 152 are directed at other defendants. To the extent any response is required, these Defendants deny paragraphs 145 through 152.

59.

In response to paragraph 153, Defendants repeat their previous responses to paragraphs 1 through 152.

60.

Defendants deny paragraphs 154 through 156.

61.

In response to paragraph 157, Defendants repeat their previous responses to paragraphs 1 through 156.

62.

Paragraphs 158 through 160 are directed at other defendants. To the extent any response

PAGE 11 - DEFENDANTS CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

is required, these Defendants deny paragraphs 158 through 160.

63.

In response to paragraph 161, Defendants repeat their previous responses to paragraphs 1 through 160.

64.

Defendants deny paragraphs 162 through 166.

65.

In response to paragraph 167, Defendants repeat their previous responses to paragraphs 1 through 166.

66.

Paragraphs 168 through 172 are directed at other defendants. To the extent any response is required, these Defendants deny paragraphs 168 through 172.

67.

In response to paragraph 173, Defendants repeat their previous responses to paragraphs 1 through 172.

68.

Defendants deny paragraphs 174 through 177.

69.

In response to paragraph 178, Defendants repeat their previous responses to paragraphs 1 through 177.

70.

Defendants deny paragraphs 179 through 183.

71.

In response to paragraph 184, Defendants repeat their previous responses to paragraphs 1 through 183.

72.

Defendants deny paragraphs 185 through 190.

73.

Except as expressly admitted above, Defendants deny each and every allegation of plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

74.

One or more of plaintiff's claims fail to state ultimate facts sufficient to constitute claims against defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Qualified Immunity)

75.

The individual defendants are entitled to qualified immunity on plaintiff's federal claims for relief.

## THIRD AFFIRMATIVE DEFENSE

### (Probable Cause for Arrest)

76.

There was probable cause to arrest plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Legal Justification)

77.

The actions of Defendants toward plaintiff were legally justified and lawful.

## FIFTH AFFIRMATIVE DEFENSE

### (Due Process)

78.

Plaintiff's claim for punitive damages is subject to the limitations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

/ / /

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

79.

If plaintiff has failed to mitigate damages, if any, they should be reduced or barred accordingly.

## SEVENTH AFFIRMATIVE DEFENSE

### (Proper Party)

80.

The individual defendants are not proper parties to plaintiff's state law claim pursuant to ORS 30.265 (3).

## EIGHTH AFFIRMATIVE DEFENSE

### (Oregon Tort Claims Act)

81.

Plaintiff's state law claims for relief are subject to the terms, conditions, immunities, and limitations on damages set forth in the Oregon Tort Claims Act, ORS 30.260 to 30.300.

## NINTH AFFIRMATIVE DEFENSE

### (Oregon Tort Claims Act – Tort Claim Notice)

82.

Plaintiff's state law claims against defendants are barred insofar as plaintiff failed to provide timely and adequate notice of her claims.

## TENTH AFFIRMATIVE DEFENSE

### (Immunity – ORS 426.335 (6))

83.

Defendants may be immune from liability under ORS 426.335(6) because they acted in good faith, on probable cause, and without malice.

/ / /

/ / /

PAGE 14 - DEFENDANTS CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

## ELEVENTH AFFIRMATIVE DEFENSE

### (Cause-in-Fact)

84.

Any action or inaction on the part of defendants was not the cause-in-fact of the injuries for which plaintiff seeks recovery in this lawsuit.

## TWELFTH AFFIRMATIVE DEFENSE

### (Fault of Others)

85.

Plaintiff's damages, if any, were the sole and exclusive fault of others for whom defendants are not responsible and for whose actions defendants are not liable.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

86.

Plaintiff's claims are barred in whole, or in part, by his own fault, including but not limited to:

(1)     Being uncooperative and acting unreasonably under the circumstances;

(2)     Failing to obey lawful orders from a public safety officer;

(3)     Subjecting a public safety officer to offensive physical contact in violation of ORS 166.065;

(4)     Engaging in fighting, violent, tumultuous, and threatening behavior in violation of ORS 166.025;

(5)     Attempting to assault a public safety officer in violation of ORS 163.208;

(6)     Intentionally acting in a manner that prevents, or attempts to prevent, a peace officer from performing the lawful duties of the officer with regards to another person, in violation of ORS 162.247;

(7)     Resisting arrest in violation of ORS 162.315;

(8)     If he did so, failing to take any prescribed medications;

PAGE 15 - DEFENDANTS CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

(9)    If he did so, taking any controlled substances that were not prescribed; and

(10)    Such other information as discovery may reveal.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

87.

Plaintiff's damages, if any, arising from her state law claims are subject to the limitations on damages in ORS 30.272.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Immunity from Punitive Damages)

88.

Defendants are immune from liability for punitive damages on the state law claims.

## CLAIM FOR ATTORNEY FEES

89.

Defendants are entitled to recover their attorney fees and costs under 42 U.S.C §1988.

## DEMAND FOR JURY TRIAL

90.

Defendants request a jury trial.

WHEREFORE, defendants pray for a judgment in their favor on all claims asserted against them in plaintiff's Complaint, for an award of defendants' reasonable attorneys' fees, costs, and disbursements, and such further and additional relief as is just and proper.

DATED this 17th day of June, 2022.

### CITY OF EUGENE

By:  ___s/ Ben Miller_____
   Ben Miller, OSB #074690
   BMiller@eugene-or.gov
   Telephone: (541) 682-8447
   Facsimile:  (541) 682-5414

   Of Attorneys for Defendants City of Eugene,
   Jairo Solorio, Andrew Roberts, Jacob Thomas,
   and Robert Griesel

## CERTIFICATE OF SERVICE

I certify that on this 17th day of June, 2022, I served or caused to be served a true and complete copy of the foregoing **DEFENDANTS CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** on the party or parties listed below as follows:

    **X**
_____    Via CM / ECF Filing

_____    Via First Class Mail, Postage Prepaid

_____    Via Email

Willow R. Hillman        Sebastian Tapia
44 Broadway, Suite 222    125 E 8th Ave.
Eugene, OR 97401        Eugene, OR 97401

Attorney for Plaintiff      Of Attorneys for Defendants
                      Lane County, Justin Wilson, Kimberly
                      Fulton, Emma Edwards, Colter Gawith,
                      Nathan Gent, Michael Baeuerlen,
                      Stephen Foley, Joseph Fisher,
                      Jeremy Fifer, William McClure,
                      Lance Jester, Clint Riley, and C. Santini

**CITY OF EUGENE**

By:   s/ Ben Miller
        Ben Miller, OSB #074690
        BMiller@eugene-or.gov
        Telephone: (541) 682-8447
        Facsimile:  (541) 682-5414

        Of Attorneys for Defendants City of Eugene,
        Jairo Solorio, Andrew Roberts, Jacob Thomas,
        and Robert Griesel