**Derek Larwick, OSB No. 120334**
**derek@larwick.com**
LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598
Fax: (541) 600-4598

**Willow Hillman, OSB No. 153514**
**willow@willowhillmanlaw.com**
LAW OFFICE OF WILLOW HILLMAN
44 W Broadway Ste 222
Eugene, OR 97401
(541) 735-3678
Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ANZHELIKA PAYNE, personal representative to the estate of LANDON JAY PAYNE,<br><br>Plaintiff,<br><br>v.<br><br>JAIRO SOLORIO, an individual, ANDREW ROBERTS, an individual, JACOB THOMAS, an individual, ROBERT GRIESEL, an individual, JUSTIN WILSON, an individual, ZACHERY FULTON, an individual, EMMA GROTEFEND, also known as EMMA EDWARDS, an individual, COLTER GAWITH, an individual, NATHAN GENT, an individual, | Case No. 6:22-cv-00471-MC<br><br>**PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT AGAINST THE LANE COUNTY DFENDANTS**<br><br>Request for Oral Argument |

MICHAEL BAEUERLEN, an individual, STEPHEN FOLEY, an individual, JOSEPH FISHER, an individual, JEREMY FIFER, an individual, WILLIAM MCCLURE, an individual, LANCE JESTER, an individual, RICHARD CLINTON RILEY, an individual, CONNOR WEST SANTINI, an individual, LANE COUNTY and CITY OF EUGENE, a municipal corporation.

Defendants.

**STATEMENT OF CONFERRAL**

In compliance with Local Rule 7-1(a), the parties made a good faith effort through telephone conference to resolve the dispute and have been unable to do so. During the conferral, the parties discussed each claim, defense, and issue in these dispositive motions.

**CERTIFICATE OF WORD-COUNT LIMIT**

This brief complies with the applicable word-count limitation under Local Rule 7-2(b) because it contains 3,454 words, including headings, footnotes, and quotations.

**MOTIONS**

Plaintiff makes six motions for partial summary judgment against the affirmative defenses raised in Lane County Defendants' Answer to Plaintiff's First Amended Complaint [Doc. 31, 33] as follows:

(1) First affirmative defense – Statute of limitations

(2) Second affirmative defense – Comparative fault

(3) Third affirmative defense – Failure to state a claim

(4) Fourth affirmative defense – Immunity

(5) Fifth affirmative defense – Oregon Tort Claims Act



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

(6) Sixth affirmative defense – Justification for use of force (ORS 161.233)

## FACTS

The facts of this case will likely be repeated multiple times in the various parties' motions for summary judgment. Rather than repeat them again here, Plaintiff has embedded citations to the record to establish facts that are relevant to these motions.

## MEMORANDUM OF LAW

As this Court is well aware, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### 1. Motion 1: Plaintiff moves against the first affirmative defense of "statute of limitations"

The County Defendant's first affirmative defense is styled "Statute of Limitations." Plaintiff filed this action less than two years following Mr. Payne's death against all defendants except Zachery Fulton. Plaintiff's initial complaint listed Kimberly Fulton, rather than Zachery Fulton, as a defendant, but that was because the County had not provided the list of names of persons involved until later in discovery in this case. At that point, Plaintiff learned that Deputy Zachery Fulton, rather than Deputy Kimberly Fulton, was involved.[1]

---

[1] Exhibit 1 to the Declaration of in Counsel in Support of Plaintiff's Motions for Partial Summary Judgment Against Lane County Defendants, Declaration of Anzhelika Payne ("Anzhelika Payne Decl.").



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

**(a) Partial summary judgment should be granted against this affirmative defense with regard to all defendants other than Zachery Fulton**

During conferral, counsel for the Lane County defendants indicated that this statute of limitations defense was not limited just to Defendant Zachery Fulton, but was intended to be raised for all County Defendants.

As an initial matter, this statute of limitations defense was not raised in response to Plaintiff's initial Complaint but only in response to the First Amended Complaint. As shown by Plaintiff's filings to amend the complaint [Doc 26-1], the only changes involved correcting the names of several individuals involved. No changes were made regarding facts or claims asserted.

The filing of an Amended Complaint to correct minor details does not give a defendant a right to assert for the first time new affirmative defenses that were previously waived.[2] "If every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause. This would deprive the Court of its ability to effectively manage the litigation."[3]

Because all County Defendants other than Zachery Fulton already waived this statute of limitations defense by not including it in their Answer, it is waived, and the Amended Complaint was not different enough to create a right to assert this affirmative defense for the first time.

---

2 *E.g.*, *Grainger v. Ensley*, No. 1:18-CV-01093-CL, 2023 WL 2602492, at *3 (D. Or. Feb. 10, 2023), *report and recommendation adopted*, No. 1:18-CV-01093-MC, 2023 WL 2598914 (D. Or. Mar. 21, 2023).

3 *Id.* (quoting *E.E.O.C. v. Morgan Stanley & Co., Inc.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002).



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

Second, this case was timely filed against the County Defendants, and they have not articulated any basis for arguing that the time limitation had run. Likewise, there is no evidence that the case was filed outside the statute of limitations.

**(b) Partial summary judgment should be granted against this affirmative defense with regard to Zachery Fulton**

Defendant Zachery Fulton was substituted in for Deputy Kimberly Fulton after Plaintiff learned through discovery that Zachery Fulton was the proper defendant. The delay in discovering that information was due to Lane County refusing to release video footage of the event and other documents and evidence indicating what had occurred.

Plaintiff first learned of Zachery Fulton's involvement in Landon Payne's injuries and death on May 23, 2023, when Lane County started producing documents that identified Zachery Fulton.[4] If Defendant Fulton intends to prove that Plaintiff knew or should have known about his role in Landon Payne's injury and death before that date, he should present evidence now to survive summary judgment on this issue. Plaintiff believes that there is no such evidence, and partial summary judgment should be granted.

**2. Motion 2: Plaintiff moves against the second affirmative defense of "comparative fault"**

The County Defendants next assert the affirmative defense of comparative fault. The allegations of the defense are that Mr. Payne consumed methamphetamine and that he knew or should have known that he would come into contact with law enforcement and may be arrested.

---

[4] Exhibit 1, Anzhelika Payne Decl. Although the Complaint identified Deputy Kimberly Fulton, Lane County knew that Deputy Zachery Fulton was involved and produced documents relating to him, rather than anything relating to Kimberly Fulton.



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

**(a) Comparative fault is not a defense to 42 U.S.C. 1983 claims**

Comparative fault is not a defense to claims brought under 42 U.S.C. 1983. As the U.S. Supreme Court has held, "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."[5] "To apply comparative fault statutes in civil rights actions would result in the protection afforded under § 1983 to differ from state to state and would be inconsistent with the underlying policy of deterrence and compensation."[6]

For example, in a 2024 case in this Court, plaintiffs moved for partial summary judgment against the comparative fault affirmative defense in a § 1983 case.[7] The defendants agreed:

> "Defendants agree that comparative fault is not an affirmative defense to Plaintiffs' Section 1983 Eighth Amendment claim. Accordingly, the Court grants Plaintiffs' motion for partial summary judgment on Defendants' comparative fault affirmative defense . . . ."[8]

**(b) Comparative fault is not an available defense to the state law intentional conduct claims**

Similarly, comparative fault is not an affirmative defense to state law claims involving intentional conduct, such as battery and intentional infliction of emotional distress.[9]

---

5 *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

6 *McHugh v. Olympia Entm't, Inc.*, 37 F. App'x 730, 736 n.4 (6th Cir. 2002); *accord Quezada v. Cty. of Bernalillo*, 944 F.2d 710, 721 (10th Cir. 1991), *abrogated on other grounds as recognized in Stuart v. Jackson*, 24 F. App'x 943, 954 n.5 (10th Cir. 2001); *Miller v. Schmitz*, 2013 WL 5754945, at *5 (E.D. Cal. Oct. 23, 2013).

7 *Maney v. Oregon*, No. 6:20-CV-00570-SB, 2024 WL 2288807, at *65 (D. Or. Apr. 10, 2024).

8 *Id.* (citation omitted).

9 *E.g.*, *Miller v. Agripac, Inc.*, 322 Or. App. 202, 518 P.3d 957, (2022), *review denied*, 370 Or. 827, 526 P.3d 1193 (2023); *Hampton Tree Farms, Inc. v. Jewett*, 158 Or. App. 376, 395, 974 P.2d 738, 748 (1999).



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

**(c) Comparative fault against the negligence claim has limitations**

Comparative fault is viable only against Plaintiff's state law negligence claim, and even then with limitations. Although Lane County Defendants may have a causation argument about methamphetamine causing Mr. Payne's death (as opposed to the deputies kneeling on Mr. Payne's back), it is not a viable comparative fault argument.

It is most helpful to look to analogous medical negligence case law, in which defendant doctors are barred from arguing that a plaintiff was comparatively at fault for ingesting substances that led them to seek medical treatment in the first place.[10]

As the Oregon Court of Appeals explained in a case in which a plaintiff ingested drugs and was then negligently treated at a hospital:

> "We agree with plaintiff that the type of conduct alleged by defendants does not support a comparative fault defense. A medical malpractice claim requires proof that the negligent medical care caused an injury that nonnegligent care would have avoided. In wrongful death actions based on medical malpractice, the plaintiff must demonstrate that the defendant's negligent act or omission more likely than not brought about the death of the decedent. In sum, the focus in a medical malpractice case is on the injury caused by the negligent treatment, not the original injury that created the need for treatment.
>
> . . . .
>
> For example, a plaintiff who negligently breaks his arm and receives negligent treatment from a doctor that necessitates amputation of that arm, can recover only damages attributable to the amputation, but cannot recover for any damages related to the broken arm."[11]

---

[10] *Son v. Ashland Cmty. Healthcare Servs.*, 239 Or. App. 495, 508–09, 244 P.3d 835, 842-43 (2010).

[11] *Son v. Ashland Cmty. Healthcare Servs.*, 239 Or. App. 495, 508–09, 244 P.3d 835, 842-43 (2010) (citing Simpson v. Sisters of Charity of Providence, 284 Or. 547, 561, 588 P.2d 4 (1978); Horn v. National Hospital Association, 169 Or. 654, 679, 131 P.2d 455



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

The Court then held that "the trial court did not err by striking defendants' affirmative defense related to Sara's consumption of the substances that led to her hospitalization."[12]

Similarly, in this case, once Mr. Payne and his wife learned that Mr. Payne was in distress, they both called 911 seeking CAHOOTS mental health services. Police responded instead and, as Plaintiff alleges, acted negligently toward Mr. Payne and caused him harm and his death. It is not a viable defense to argue that Plaintiff is comparatively at fault for doing something that caused police to respond. The issue is police and deputy negligence while interacting while engaging with Mr. Payne.

Accordingly, this comparative fault affirmative defense as written should be struck or, in the alternative, partial summary judgment should be granted against it.

**3. Motion 3: Plaintiff moves against the third affirmative defense of "failure to state a claim"**

Although the County Defendants' previous Answer did not include a "failure to state a claim" defense, the Answer to the Amended Complaint does, arguing a lack of evidence that Lane County had custody of Mr. Payne (even though Mr. Payne became unconscious while Lane County deputies were kneeling on his back while handcuffed in the Lane County Jail sally port[13]) and arguing a lack of evidence of deliberate indifference (although the jury could also infer that based on the evidence).

---

(1942); and *Joshi v. Providence Health Sys. of Oregon Corp.*, 342 Or. 152, 158, 149 P.3d 1164, 1167 (2006).

12 *Id.* at 512.

13 Exhibit 2 to the Declaration of in Counsel in Support of Plaintiff's Motions for Partial Summary Judgment Against Lane County Defendants, Excerpts of the Transcript of the Deposition of Defendant Stephen Foley on October 11, 2023 ("Foley Depo.") at 55:15-20; Exhibit 3 to the Declaration of in Counsel in Support of Plaintiff's Motions for Partial Summary Judgment Against Lane County Defendants, Excerpts of the



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

During conferral on this affirmative defense, the County Defendants conceded that this affirmative defense was merely a placeholder and is not intended to apply to anything beyond the dispositive motions that are briefed and before the Court. Accordingly, it can be struck as moot.

**4. Motion 4: Plaintiff moves against the fourth affirmative defense of "immunity"**

The County Defendants' fourth affirmative defense states, "Lane County Defendants are entitled to immunity and/or qualified immunity." During conferral, counsel clarified that this defense relates only to qualified immunity and that there is no other type of immunity that applies.

Qualified immunity is being briefed by the Defendants, but summary judgment can be granted against the other "immunity" defense that is raised.

**5. Motion 5: Plaintiff moves against the fifth affirmative defense of "Oregon Tort Claims Act"**

The County Defendants' fifth affirmative defense states that "Plaintiff's claims arising under state law are subject to the limitations set forth in the Oregon Tort Claims Act, ORS 30.260 et seq."

This affirmative defense was raised for the first time in response to Plaintiff's Amended Complaint, so it was untimely and previously waived, and the minor changes in the Amended Complaint did not entitle Defendants to assert new affirmative defenses.

This affirmative defense is also so vague that Plaintiff sought to clarify it during conferral. Counsel for the County Defendants conceded that the "limitations" mentioned in the defense are

---

Transcript of the Deposition of Defendant Emma Grotefend on October 11, 2023 ("Grotefend Depo.") 69:15-70:21.



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

(1) statutory caps on damages for the state law claims only (which would be the subject of a post-verdict motion to reduce damages), and

(2) a placeholder to later attempt to substitute the public body for the individuals before a judgment is entered against the individual defendants with regard to the state law claims.

Neither of those reasons for Defendants' including this placeholder affect the pleadings or the presentation of evidence at trial, so they are not truly affirmative defenses and can be struck.

**6. Motion 6: Plaintiff moves against the sixth affirmative defense of "justification for use of force under ORS 161.233"**

The Lane County Defendants also attempt to raise a previously waived defense, without seeking leave from the Court, by including it for the first time in their Answer to the Amended Complaint. As mentioned previously and shown by Plaintiff's filings to amend the complaint [Doc 26-1], the only changes involved correcting the names of several individuals involved. No changes were made regarding facts or claims asserted.

The filing of an Amended Complaint to correct minor details does not give a defendant a right to assert for the first time new affirmative defenses that were previously waived,[14] especially after nearly all of the depositions and discovery had been completed. Accordingly, this defense should be struck as improperly pleaded.

In the alternative to striking this affirmative defense, partial summary judgment should be granted against it. The affirmative defense cites Or. Rev. Stat. § 161.233, which provides the following limitations on when any force may be used against another person:

---

[14] *E.g.*, *Grainger v. Ensley*, No. 1:18-CV-01093-CL, 2023 WL 2602492, at *3 (D. Or. Feb. 10, 2023), *report and recommendation adopted*, No. 1:18-CV-01093-MC, 2023 WL 2598914 (D. Or. Mar. 21, 2023).



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

"(1) A peace officer may use physical force upon another person only when it is objectively reasonable, under the totality of circumstances known to the peace officer, to believe:

(a) That the person poses an imminent threat of physical injury to the peace officer or to a third person; or

(b) That the use of physical force is necessary to:

(A) Make a lawful arrest when the peace officer has probable cause to believe the person has committed a crime; or

(B) Prevent the escape from custody of the person when the peace officer has probable cause to believe the person has committed a crime."

The statute merely imposes a limitation: "A peace officer may use physical force upon another person *only*" when certain conditions are present. The statute does not create a defense that all force used when the conditions are met is automatically reasonable and a peace officer has immunity for their conduct.

In fact, the statute specifically states that "A peace officer may use physical force upon another person under this section *only to the degree that the peace officer reasonably believes necessary* to prevent physical injury under subsection (1)(a) of this section or to carry out a purpose described in subsection (1)(b) of this section."[15] Furthermore, the statute requires officers to use techniques other than physical force, such as verbal de-escalation, waiting, giving warnings, and providing time for compliance.[16]

The statute does not say, however, that all force used in those situations is justified and lawful. If that were the case, a peace officer could shoot and kill any person whom the peace officer reasonably believes to be committing any crime. To suggest that any peace

---

15 Or. Rev. Stat. § 161.233(2).
16 Or. Rev. Stat. § 161.233(3).



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

officer can prove that use of deadly force was justified merely by proving one of the subparts of Or. Rev. Stat. § 161.233 is absurd and would have the effect of completely destroying Plaintiff's claims for constitutional violations and negligence.

Furthermore, the evidence viewed in the light most favorable to Defendants do not establish any of the prongs of Or. Rev. Stat. § 161.233. The County Defendants bear the burden of proof both to show that this statute provides an affirmative defense for these types of claims, which claims the affirmative defense applies to, and which facts specifically created genuine issues. Defendants have not done so.

The County Defendants do not have evidence to support the minimum conditions required for using force in Or. Rev. Stat. § 161.233. Mr. Payne did not pose an imminent threat of physical injury to any of the deputies or other persons in the jail sally port. He was placed face down, handcuffed behind his back[17] and did not hit, kick, punch, bite, or spit on anyone.[18] The deputies also were not making an arrest of Mr. Payne or preventing him from escaping from custody.

Because Or. Rev. Stat. § 161.233 does not provide an affirmative defense, because this "defense" was previously waived, and because there is no evidence that the conditions are satisfied with regard to Lane County deputies, partial summary judgment should be granted against it.

---

[17] E.g., Grotefend Depo. at 68:17-20, 69:11-14.

[18] E.g., Exhibit 4 to the Declaration of in Counsel in Support of Plaintiff's Motions for Partial Summary Judgment Against Lane County Defendants, Excerpts of the Transcript of the Deposition of Defendant Lance Jester on October 16, 2023 ("Jester Depo.") at 57:9-21, 63:23-64:21; Exhibit 5 to the Declaration of in Counsel in Support of Plaintiff's Motions for Partial Summary Judgment Against Lane County Defendants, Excerpts of the Transcript of the Deposition of Defendant Jeremy Fifer on October 19, 2023 ("Fifer Depo.") at 32:7-15.



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court grant Plaintiff's motions for partial summary judgment on the following affirmative defenses of the Lane County Defendants:

(1) First affirmative defense – statute of limitations

(2) Second affirmative defense – comparative fault

(3) Third affirmative defense – failure to state a claim

(4) Fourth affirmative defense – immunity

(5) Fifth affirmative defense – Oregon Tort Claims Act

(6) Sixth affirmative defense – justification for use of force

Dated July 17, 2024.

LARWICK LAW FIRM

Derek Larwick, OSB No. 120334
Email: derek@larwick.com
Keith Reed, OSB No. 205506
Email: keith@larwick.com

LAW OFFICE OF WILLOW HILLMAN
Willow Hillman, OSB No. 153514
Email: willow@willowhillmanlaw.com
Of Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that Plaintiff's Motions for Partial Summary Judgment against Lane County Defendants is being served on the parties, through their respective counsel, in the following manner:

- [x] First class mail (to all addresses shown below)
- [ ] Fax (to all fax numbers shown below)
- [ ] E-mail (to all e-mail addresses shown below)
- [ ] Electronically by the Court's eFiling system
- [ ] Hand delivery

Andrea Coit, OSB No. 002640
HUTCHINSON COX
940 Willamette Street, Suite 400
PO Box 10886
Eugene, OR 97440
Fax: (541) 343-8693
acoit@eugenelaw.com

Kimberlee C. Morrow, OSB No. 830280
HART WAGNER
1000 SW Broadway, Suite 2000
Portland, OR 97205
Fax: (503) 222-2301
kcm@hartwagner.com

Dated July 17, 2024.

LARWICK LAW FIRM

________________________________
Derek Larwick, OSB No. 120334
Email: derek@larwick.com
Of Attorneys for Plaintiff