**Derek Larwick, OSB No. 120334**
**derek@larwick.com**
LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598
Fax: (541) 600-4598

**Willow Hillman, OSB No. 153514**
**willow@willowhillmanlaw.com**
LAW OFFICE OF WILLOW HILLMAN
44 W Broadway Ste 222
Eugene, OR 97401
(541) 735-3678
Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ANZHELIKA PAYNE, personal representative to the estate of LANDON JAY PAYNE,<br><br>Plaintiff,<br><br>v.<br><br>JAIRO SOLORIO, an individual, ANDREW ROBERTS, an individual, JACOB THOMAS, an individual, ROBERT GRIESEL, an individual, JUSTIN WILSON, an individual, ZACHERY FULTON, an individual, EMMA GROTEFEND, also known as EMMA EDWARDS, an individual, COLTER GAWITH, an individual, NATHAN GENT, an individual, | Case No. 6:22-cv-00471-MC<br><br>**PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT AGAINST THE CITY OF EUGENE DEFENDANTS**<br><br>Request for Oral Argument |

MICHAEL BAEUERLEN, an individual, STEPHEN FOLEY, an individual, JOSEPH FISHER, an individual, JEREMY FIFER, an individual, WILLIAM MCCLURE, an individual, LANCE JESTER, an individual, RICHARD CLINTON RILEY, an individual, CONNOR WEST SANTINI, an individual, LANE COUNTY and CITY OF EUGENE, a municipal corporation.

Defendants.

**STATEMENT OF CONFERRAL**

In compliance with Local Rule 7-1(a), the parties made a good faith effort through telephone conference to resolve the dispute and have been unable to do so. During the conferral, the parties discussed each claim, defense, and issue in these dispositive motions.

**CERTIFICATE OF WORD-COUNT LIMIT**

This brief complies with the applicable word-count limitation under Local Rule 7-2(b) because it contains 4,342 words, including headings, footnotes, and quotations.

**MOTIONS**

Plaintiff makes eleven motions for partial summary judgment against the affirmative defenses raised in Defendants City of Eugene et al.'s Answer and Affirmative Defenses to Plaintiff's First Amended Complaint [Doc. 34] as follows:

(1) First affirmative defense – Failure to state a claim

(2) Third affirmative defense – Probable cause for arrest

(3) Fourth affirmative defense – Legal justification

(4) Fifth affirmative defense – Due process clause limits punitive damages

(5) Seventh affirmative defense – Proper parties under ORS 30.265(3)



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

(6) Eighth affirmative defense – Oregon Tort Claims Act

(7) Ninth affirmative defense – Tort claim notice

(8) Tenth affirmative defense – Immunity under ORS 426.335(6)

(9) Eleventh affirmative defense – Cause in fact

(10) Twelfth affirmative defense – Exclusive fault of others

(11) Thirteenth affirmative defense – Comparative fault

## FACTS

The facts of this case will likely be repeated multiple times in the various parties' motions for summary judgment. Rather than repeat them again here, Plaintiff has embedded citations to the record to establish facts that are relevant to these motions.

## MEMORANDUM OF LAW

As this Court is well aware, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### 1. Motion 1: Plaintiff moves against the first affirmative defense of "failure to state a claim"

The City Defendants' first affirmative defense states "One or more of plaintiff's claims fail to state ultimate facts sufficient to constitute claims against defendants." During conferral, counsel agreed that the only claims that this affirmative defense applies to are those that are being briefed as part of this set of dispositive motions. Accordingly, this affirmative defense can be struck as unnecessary in light of the City Defendants' dispositive motions.



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

**2. Motion 2: Plaintiff moves against the third affirmative defense of "probable cause for arrest"**

The City Defendants' third affirmative defense states in its entirety, "There was probable cause to arrest plaintiff."

As this Court has explained, an "affirmative defense is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven."[1] This allegation does not meet that standard.

More specificity is required. Although there appears still not to be Ninth Circuit decisions requiring defendants to plead affirmative defenses with the same level of detail as plaintiffs plead claims under *Twombly* and *Iqbal*, this Court has invoked that standard on affirmative defenses:

> "Defendant must allege and prove the validity of these and other defenses; if defendant does so, the court grants the specific relief requested in the defense. There is no logic to holding plaintiff to the more exacting *Twombly* and *Iqbal* standard while allowing defendant to continue to shelter under the more lenient pre-*Twombly* and *Iqbal* standard when both plaintiff and defendant have the same burden to prove that which they allege in their respective pleadings."[2]

The City Defendants have not articulated how their allegation that the officers formed probable cause for Landon Payne's arrest precludes liability of any of Plaintiff's claims. This is particularly true in light of the City of Eugene Defendant police officers' admissions that Landon Payne was not attempting to flee,[3] he had not said or done anything

---

1 *Hayden v. United States*, 147 F. Supp. 3d 1125, 1128 (D. Or. 2015) (*quoting Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010)).

2 *Hayden v. United States*, 147 F. Supp. 3d 1125, 1130 (D. Or. 2015).

3 Exhibit 3 to the Declaration of in Counsel in Support of Plaintiff's Motions for Partial Summary Judgment Against City of Eugene Defendants, Excerpts of the Transcript of the Deposition of Defendant Jacob Thomas on November 2, 2023 ("Thomas Depo.") at 79:8-16.



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

threatening to any officer or anyone,[4] he had complied with all police directives,[5] he had no weapons,[6] there was no probable cause that Mr. Payne had been committing any crime,[7] and the officers did not announce that they were arresting Mr. Payne.[8]

Because the City Defendants' proving probable cause is not an affirmative defense, and because the City Defendants have not articulated the elements of this purported defense and lack evidence of those elements if articulated, Plaintiff requests that the Court grant partial summary judgment against this affirmative defense.

**3. Motion 3: Plaintiff moves against the fourth affirmative defense of "legal justification"**

The City Defendants' fourth affirmative defense, which contains no factual support or allegations, states in its entirety, "The actions of Defendants toward plaintiff were legally justified and lawful."

The sentence appears only to be a denial of liability rather than a true affirmative defense. Plaintiff has alleged that Defendants have violated the constitutional protections that 42 U.S.C. § 1983 has made actionable. It appears that Defendants are merely refuting that they violated the U.S. Constitution and 42 U.S.C. § 1983.

---

4 Thomas Depo. at 35:13-24, 36:1-8, 40:3-5; Exhibit 1 to the Declaration of in Counsel in Support of Plaintiff's Motions for Partial Summary Judgment Against City of Eugene Defendants, Excerpts of the Transcript of the Deposition of Defendant Jairo Solorio on September 18, 2023 ("Solorio Depo.") at 57:2-5, 64:23-65:5, 69:18-21.

5 Thomas Depo. at 40:19-41:16, 41:17-42:6; Solorio Depo. at 46:2-49:11.

6 Solorio Depo. at 56:11-57:1, 74:14-16.

7 Thomas Depo. at 52:12-17; Solorio Depo. at 63:2-19.

8 Exhibit 2 to the Declaration of in Counsel in Support of Plaintiff's Motions for Partial Summary Judgment Against City of Eugene Defendants, Excerpts of the Transcript of the Deposition of Defendant Andrew Roberts on September 25, 2023 ("Roberts Depo.") at 21:25-22:9; Thomas Depo. at 53:17-21, 56:22-57:16; Solorio Depo. at 66:9-67:15; 71:11-14.



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

Furthermore, this "affirmative defense" of complying with a law is not an affirmative defense to Plaintiff's negligence claims because a person can act in compliance with a law and still create an unreasonable, foreseeable risk of harm to another person, which is Oregon's negligence standard.

Accordingly, Plaintiff requests that the Court grant partial summary judgment against Defendants' second affirmative defense.

**4. Motion 4: Plaintiff moves against the fifth affirmative defense of "due process clause limitation on punitive damages"**

The City Defendants' fifth affirmative defense states in its entirety, "Plaintiff's claim for punitive damages is subject to the limitations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution."

Because the substance of this affirmative defense is not clear, Plaintiff sought clarification during conferral. Counsel conceded during conferral that the principal reason for raising this affirmative defense is as a placeholder to allow the City Defendants to argue, post-verdict, that a punitive damages amount violates the Due Process Clause. Based on that representation, this affirmative defense is merely a notice provision, rather than a true affirmative defense.

During conferral, the City Defendants' counsel also stated that they intend to move against Plaintiff's punitive damages claim with regard to the state law causes of actions,[9] with regard to claims against the City of Eugene,[10] and with regard to the individual

---

[9] The Oregon Tort Claims Act, at Or. Rev. Stat. § 30.269(1), provides that "Punitive damages may not be awarded on any claim subject to ORS 30.260 to 30.300."

[10] *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L. Ed. 2d 616 (1981) ("we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983").



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

defendants.[11] That intended motion by the City Defendants is a separate matter, and if the City Defendants intend this affirmative defense to be more than a placeholder for post-verdict motions, they should brief it and demonstrate the factual support in response to this motion for partial summary judgment.

**5. Motion 5: Plaintiff moves against the seventh affirmative defense of "proper parties under ORS 30.265(3)"**

The City Defendants' seventh affirmative defense states in its entirety: "The individual defendants are not proper parties to plaintiff's state law claim pursuant to ORS 30.265(3)."

That provision, Or. Rev. Stat. § 30.265(3), merely allows a defendant to file a motion to substitute the public body defendant in place of its officers, employees, and agents in certain conditions:

> "If an action is filed against an officer, employee or agent of a public body, and the plaintiff alleges damages in an amount equal to or less than the damages allowed under ORS 30.271, 30.272 or 30.273, the court upon motion shall substitute the public body as the defendant."[12]

For example, in *Clarke v. Oregon Health Sciences University*,[13] the Court ordered substitution of OHSU in place of the named employees:

> "In 2001, plaintiff brought this action against OHSU and against the individuals who treated him. Pursuant to ORS 30.265(1), defendants moved to substitute OHSU as the sole defendant in the action. The trial court granted

---

[11] The City Defendants stated they intend to argue that Plaintiff has no evidence that "a defendant's conduct was driven by evil motive or intent, or . . . involved a reckless or callous indifference to the constitutional rights of others." *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005) (quoting *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir.1993)).

[12] Or. Rev. Stat. § 30.265(3).

[13] 343 Or. 581, 175 P.3d 418 (2007).



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

> the motion, and plaintiff filed a second amended complaint naming only OHSU as defendant."[14]

In 2011, a few years after the *Clarke* decision, the Oregon Legislature added language to clarify the substitution concept by amending Or. Rev. Stat. § 30.265, and creating the language of Or. Rev. Stat. § 30.265(3) upon which the City Defendants rely with this affirmative defense.[15]

In 2011, the Legislature also created subsection (4), which provides situations in which individual officers, employees, and agents may be named defendants:

> "If an action under ORS 30.260 to 30.300 alleges damages in an amount greater than the damages allowed under ORS 30.271, 30.272 or 30.273, the action may be brought and maintained against an officer, employee or agent of a public body, whether or not the public body is also named as a defendant."[16]

Because Plaintiffs in this Court are generally not required to plead an amount of damages sought, the Court has no basis to invoke the substitution provisions of Or. Rev. Stat. § 30.265(3).

For example, in *McLean v. Pine Eagle Sch. Dist., No. 61*,[17] this Court explained why Or. Rev. Stat. § 30.265(3) did not apply: "Because Plaintiff does not 'allege[ ] damages in an amount equal to or less than' the statutory damage limit, Defendants cannot rely on this subsection [Or. Rev. Stat. § 30.265(3)] to support their motion to substitute Pine Eagle for the individual school district-affiliated Defendants."[18]

---

14 *Id.* at 586-87.
15 2011 Oregon Laws Ch. 270 (S.B. 397).
16 Or. Rev. Stat. § 30.265(4).
17 194 F. Supp. 3d 1102 (D. Or. 2016).
18 *Id.* at 1123.



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

Finally, the declaration of Anzhelika Payne provides evidence that Plaintiff is seeking damages in excess of the Oregon Tort Claims Act caps,[19] so Or. Rev. Stat. § 30.265(4) applies.[20] Accordingly, this Court should grant partial summary judgment against this affirmative defense.

### 6. Motion 6: Plaintiff moves against the eighth affirmative defense of "Oregon Tort Claims Act"

The City Defendants' eighth affirmative defense provides, in its entirety, "Plaintiff's state law claims for relief are subject to the terms, conditions, immunities, and limitations on damages set forth in the Oregon Tort Claims Act, ORS 30.260 to 30.300."

During conferral, counsel stated that this affirmative defense applies only to (1) caps on damages, which would be the subject of a post-verdict motion; (2) limitations on naming the individual employees as defendants, which is addressed in the previous motions; and (3) preventing punitive damages related to the state law claims.

Thus, this affirmative defense if merely a placeholder for purely legal determinations to be made by the Court rather than an actual affirmative defense, which if proved, "precludes liability even if all of the elements of the plaintiff's claim are proven."[21]

To the extent that the City Defendants seek more than putting the parties and Court on notice, Plaintiff moves for partial summary judgment against this affirmative defense.

---

[19] Exhibit 4 to the Declaration of in Counsel in Support of Plaintiff's Motions for Partial Summary Judgment Against City of Eugene Defendants, Declaration of Anzhelika Payne ("Anzhelika Payne Decl.").

[20] *See id.* at 1123 n.7 ("At the hearing held on June 30, 2016, the Court allowed Plaintiff orally to amend her Complaint to plead that she is seeking in excess of $600,000 against each of the individual Defendants. Thus, Plaintiff now may rely on Or. Rev. Stat. § 30.265(4).").

[21] *Hayden v. United States*, 147 F. Supp. 3d 1125, 1128 (D. Or. 2015) (*quoting Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010)).



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

### 7. Motion 7: Plaintiff moves against the ninth affirmative defense of "tort claim notice"

The City Defendants' ninth affirmative defense provides "Plaintiff's state law claims against defendants are barred insofar as plaintiff failed to provide timely and adequate notice of her claims." During conferral, the City Defendants conceded that they do not challenge the scope of the notice Plaintiff provided, but only the timeliness of it.

In relevant part, the Oregon Tort Claims Act provides the following notice requirement:

> "Notice of claim shall be given within the following applicable period of time, not including the period, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity:
>
> (a) For wrongful death, within one year after the alleged loss or injury."[22]

Oregon Courts have interpreted the "discovery rule" to apply to the notice provision:

> "[The] notice period under the OTCA does not begin to run until a 'plaintiff has [had] a reasonable opportunity to discover his injury and the identity of the party responsible for the injury.' An injury is "discovered" when a plaintiff knows, or should have known, of a substantial possibility that three elements exist: (1) harm; (2) causation; and (3) tortious conduct."[23]

For the notice clock to begin running, the "plaintiff must discover 'not only the conduct of the defendant, but also . . . the tortious nature of that conduct.' As noted, knowledge of tortious conduct includes knowledge of 'the probable identity of the tortfeasor.'"[24]

---

22 Or. Rev. Stat. § 30.275(2)(a).

23 *Skille v. Martinez*, 288 Or. App. 207, 214-15, 406 P.3d 126, 130, *opinion adhered to as modified on reconsideration*, 289 Or. App. 637, 407 P.3d 998 (2017) (*quoting Doe 1 v. Lake Oswego Sch. Dist.*, 353 Or. 321, 326, 297 P.3d 1287, 1292 (2013), and *citing Gaston v. Parsons*, 318 Or. 247, 255-56, 864 P.2d 1319 (1994)).

24 *Turner v. State ex rel. Dep't of Transp.*, 270 Or. App. 353, 358, 348 P.3d 253, 257 (2015), *aff'd sub nom. Turner v. State*, 359 Or. 644, 375 P.3d 508 (2016) (*quoting Doe*



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

In this case, Landon Payne died. His wife became the personal representative. Because none of the Defendants provided information about what happened to Mr. Payne (other than stating that Mr. Payne had collapsed), Personal Representative Anzhelika Payne did not know the nature of the tortious conduct, the probable identity of the tortfeasor, the harm that occurred to Mr. Payne, or how the tortious conduct caused harm to Mr. Payne until she read the Eugene Weekly article about what had occurred and spoke to the reporter.[25] That "discovery" by the Personal Representative occurred after March 27, 2021.[26]

The filing of a complaint within the time for notice satisfies the notice requirement.[27] In this case, Plaintiff filed the complaint within one year of "discovering" that the estate had a claim, so she complied with Or. Rev. Stat. § 20.275(2)(a).

Accordingly, Plaintiff requests that partial summary judgment against this affirmative defense be granted.

**8. Motion 8: Plaintiff moves for partial summary judgment on the tenth affirmative defense of "immunity under ORS 46.335(6)"**

The City Defendants' tenth affirmative defense provides "Defendants may be immune from liability under ORS 426.335(6) because they acted in good faith, on probable cause, and without malice."

---

*1 v. Lake Oswego Sch. Dist.*, 353 Or. 321, 331, 297 P.3d 1287, 1294 (2013), and *Johnson v. Mult. Co. Dept. Community of Justice*, 344 Or. 111, 118 n. 2, 178 P.3d 210 (2008)).

[25] Exhibit 4, Anzhelika Payne Decl.

[26] Exhibit 4, Anzhelika Payne Decl.

[27] Or. Rev. Stat. § 30.275(3)(c); *Maney v. Oregon*, No. 6:20-CV-00570-SB, 2024 WL 2288807, at *63 (D. Or. Apr. 10, 2024). *See also Yunker v. Mathews*, 32 Or. App. 551, 574 P.2d 696, 700 (1978) ("it is unnecessary and superfluous to plead notice, inasmuch as the complaint on its face satisfies the notice requirement.").



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

Chapter 426 contains statutes that apply to persons with a mental illness. One statute gives police officers authority to transport persons with a mental illness to a hospital or other facility:

> "A peace officer may take into custody a person who the officer has probable cause to believe is dangerous to self or to any other person and is in need of immediate care, custody or treatment for mental illness. As directed by the community mental health program director, a peace officer shall remove a person taken into custody under this section to the nearest hospital or nonhospital facility approved by the Oregon Health Authority."[28]

When a police officer transports a person with a mental illness to a hospital or other approved facility, the police officer cannot be sued absent a showing of bad faith:

> "A peace officer, individual authorized under ORS 426.233, community mental health director or designee, hospital or other facility, licensed independent practitioner or judge may not in any way be held criminally or civilly liable for actions pursuant to ORS 426.228 to 426.235 if the individual or facility acts in good faith, on probable cause and without malice."[29]

In this case, the Defendant Solorio did not transport Mr. Payne to a hospital or other approved facility. Instead, Defendant Solorio arrested Mr. Payne and transported him to the Lane County Jail related to a bench warrant related to a 2017 Marion County child support hearing.

Accordingly, Defendants have no evidence to support this affirmative defense, and partial summary judgment should be granted.

---

[28] Or. Rev. Stat. § 426.228(1).

[29] Or. Rev. Stat. § 426.335(6).



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

**9. Motion 9: Plaintiff moves against the eleventh affirmative defense of "cause in fact"**

The City Defendants' eleventh affirmative defense provides, in its entirety, "Any action or inaction on the part of defendants was not the cause-in-fact of the injuries for which plaintiff seeks recovery in this lawsuit."

This allegation, styled as an affirmative defense, is merely a denial of the causation element of Plaintiff's claims. Accordingly, Plaintiff moves for partial summary judgment against this affirmative defense and recognizes that Defendants have denied causation and may present evidence and argument on the issue of causation at trial.

**10. Motion 10: Plaintiff moves against the twelfth affirmative defense of "exclusive fault of others"**

The City Defendants' twelfth affirmative defense provides, in its entirety, "Plaintiff's damages, if any, were the sole and exclusive fault of others for whom defendants are not responsible and for whose actions defendants are not liable."

This affirmative defense, accusing others for wrongdoing, contains no factual allegations and does not identify anyone. Defendants did not file any third-party complaint to bring into the case additional defendants whom they could argue are responsible.

Defendants also have not provided any facts or evidence to show that someone other than the present parties to this litigation caused the injuries and death of Mr. Payne.

Accordingly, unless Defendants can provide evidence to show that someone else was the sole and exclusive cause of Mr. Payne's injuries and death, partial summary judgment should be granted on this affirmative defense.

**11. Motion 11: Plaintiff moves against the thirteenth affirmative defense of "comparative fault"**

**(a) Comparative fault is not a defense to 42 U.S.C. 1983 claims**

Comparative fault is not a defense to claims brought under 42 U.S.C. 1983. As the U.S. Supreme Court has held, "Section 1983 imposes liability for violations of rights



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

protected by the Constitution, not for violations of duties of care arising out of tort law."[30] "To apply comparative fault statutes in civil rights actions would result in the protection afforded under § 1983 to differ from state to state and would be inconsistent with the underlying policy of deterrence and compensation."[31]

**(b) Comparative fault is not an available defense to the state law intentional conduct claims**

Similarly, comparative fault is not an affirmative defense to state law claims involving intentional conduct, such as battery and intentional infliction of emotional distress.[32]

**(c) Comparative fault against the negligence claim has limitations**

Comparative fault is viable only against Plaintiff's state law negligence claim, and even then with limitations. The City Defendants may have a causation argument about methamphetamine causing Mr. Payne's injuries and death, but it is not a viable comparative fault argument.

It is most helpful to look to analogous medical negligence case law, in which defendant doctors are barred from arguing that a plaintiff was comparatively at fault for ingesting substances that led them to seek medical treatment in the first place.[33]

---

[30] *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

[31] *McHugh v. Olympia Entm't, Inc.*, 37 F. App'x 730, 736 n.4 (6th Cir. 2002); *accord Quezada v. Cty. of Bernalillo*, 944 F.2d 710, 721 (10th Cir. 1991), *abrogated on other grounds as recognized in Stuart v. Jackson*, 24 F. App'x 943, 954 n.5 (10th Cir. 2001); *Miller v. Schmitz*, 2013 WL 5754945, at *5 (E.D. Cal. Oct. 23, 2013).

[32] *E.g.*, *Miller v. Agripac, Inc.*, 322 Or. App. 202, 518 P.3d 957, (2022), *review denied*, 370 Or. 827, 526 P.3d 1193 (2023); *Hampton Tree Farms, Inc. v. Jewett*, 158 Or. App. 376, 395, 974 P.2d 738, 748 (1999).

[33] *Son v. Ashland Cmty. Healthcare Servs.*, 239 Or. App. 495, 508-09, 244 P.3d 835, 842-43 (2010).



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

As the Oregon Court of Appeals explained in a case in which a plaintiff ingested drugs and was then negligently treated at a hospital, "the trial court did not err by striking defendants' affirmative defense related to [the plaintiff's] consumption of the substances that led to her hospitalization."[34]

Similarly, in this case, once Mr. Payne and his wife learned that Mr. Payne was in distress, they both called 911 seeking CAHOOTS mental health services. Police responded instead and, as Plaintiff alleges, acted negligently toward Mr. Payne and caused him harm and his death. It is not a viable defense to argue that Plaintiff is comparatively at fault for doing something that caused police to respond. The issue is police and deputy negligence while interacting and engaging with Mr. Payne.

Accordingly, subsections (8) and (9) of this comparative fault affirmative defense as written should be struck or, in the alternative, partial summary judgment should be granted against them. Subsection (10) should also be struck as an attempt to reserve a right to amend the complaint without seeking leave to do so.

**CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that the Court grant Plaintiff's motions for partial summary judgment on the following affirmative defenses:

(1) First affirmative defense – Failure to state a claim

(2) Third affirmative defense – Probable cause for arrest

(3) Fourth affirmative defense – Legal justification

(4) Fifth affirmative defense – Due process clause limits punitive damages

(5) Seventh affirmative defense – Proper parties under ORS 30.265(3)

(6) Eighth affirmative defense – Oregon Tort Claims Act

(7) Ninth affirmative defense – Tort claim notice

---

[34] *Id.* at 512.



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

(8) Tenth affirmative defense – Immunity under ORS 426.335(6)

(9) Eleventh affirmative defense – Cause in fact

(10) Twelfth affirmative defense – Exclusive fault of others

(11) Thirteenth affirmative defense – Comparative fault

Dated July 17, 2024.

LARWICK LAW FIRM

Derek Larwick, OSB No. 120334
Email: derek@larwick.com
Keith Reed, OSB No. 205506
Email: keith@larwick.com

LAW OFFICE OF WILLOW HILLMAN
Willow Hillman, OSB No. 153514
Email: willow@willowhillmanlaw.com
Of Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that Plaintiff's Motions for Partial Summary Judgment Against the City of Eugene Defendants is being served on the parties, through their respective counsel, in the following manner:

- ■ First class mail (to all addresses shown below)
- ☐ Fax (to all fax numbers shown below)
- ☐ E-mail (to all e-mail addresses shown below)
- ☐ Electronically by the Court's eFiling system
- ☐ Hand delivery

Kimberlee C. Morrow, OSB No. 830280
HART WAGNER
1000 SW Broadway, Suite 2000
Portland, OR 97205
Fax: (503) 222-2301
kcm@hartwagner.com

Andrea Coit, OSB No. 002640
HUTCHINSON COX
940 Willamette Street, Suite 400
PO Box 10886
Eugene, OR 97440
Fax: (541) 343-8693
acoit@eugenelaw.com

Dated July 17, 2024.

LARWICK LAW FIRM

________________________________
Derek Larwick, OSB No. 120334
Email: derek@larwick.com
Of Attorneys for Plaintiff



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598