**Kimberlee C. Morrow**, OSB No. 830280
kcm@hartwagner.com
HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
(503) 222-4499 | fax (503) 222-2301

Of Attorneys for Defendants
City of Eugene, Jairo Solario,
Andrew Roberts, Jacob Thomas,
and Robert Griesel

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ANZHELIKA PAYNE, Personal Representative of the Estate of Landon Jay Payne,<br><br>     Plaintiff,<br><br>     v.<br><br>JAIRO SOLORIO, et al.,<br><br>     Defendants. | 6:22-cv-00471-MC<br><br>**DEFENDANT CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT** |

The defendants City of Eugene, Jairo Solorio, Andrew Roberts, Jacob Thomas, and Robert Griesel respectfully submit the following response to Plaintiff's motion for partial summary judgment against these defendants' affirmative defenses. This response is supported by the legal argument below, and the pleadings and record on file.

1    **DEFENDANT CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

## OVERVIEW

Summary adjudication conclusively resolves an issue in favor of the moving party. Because of that finality, a court may only grant summary judgment when there is no material question of fact and the moving party is entitled to judgment as a matter of law. Despite the label she has given them, most of Plaintiff's motions against the affirmative defenses are not motions for summary judgment. They are motions to strike. Plaintiff cannot obtain summary adjudication on a defense in this way. Otherwise she would be able to conclusively resolve, in her favor, issues the affirmative defenses have raised without satisfying the summary judgment standards.

Most of Plaintiff's motions should therefore be denied for two reasons: 1) they are effectively motions to strike, filed long after the pleadings have closed; and 2) they seek summary adjudication without attempting to show or even argue that there are no material questions of fact and that Plaintiff is entitled to *judgment* as a matter of law.

## ARGUMENT AND AUTHORITY

Defendants agree to withdraw their 10th affirmative defense. Plaintiff's motions for partial summary judgment should otherwise be denied for the reasons that follow.

## I.    Summary Adjudication of Affirmative Defenses

An affirmative defense is one in which the defendant has some burden of proof before it will apply to limit or eliminate his liability. Because the defendant has some burden of proof, the plaintiff is entitled to notice of what facts or legal arguments the defendant will rely on in advancing that defense so that he can prepare a response. Hence the reason a defendant must plead affirmative defenses, assuming that they are not already embraced by the plaintiff's own complaint. If a defendant does not plead an affirmative defense, he risks waiving it for having failed to provide the plaintiff with adequate and timely notice. *See generally* Charles Alan Wright et al., *Federal Practice and Procedure* vol. 5, §§ 1270–71, 1273–74, 1278 (4th ed. West 2016).

Affirmative defenses are subject to Rule 12(f) motions to strike. That Rule allows a court

2    **DEFENDANT CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
(503) 222-4499 | fax (503) 222-2301

to strike from a pleading "an insufficient defense or any…immaterial [or] impertinent…matter." An affirmative defense is *insufficient* if it is not adequately pled and is therefore deficient on its face. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010). Whether an affirmative defense has supplied the plaintiff with fair notice must be decided by reference to—among other things—the allegations and claims a plaintiff included in his complaint. But in general, an affirmative defense need only be described "in general terms." *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). An affirmative defense is *immaterial* or *impertinent* if it is not a proper affirmative defense in the first place. Motions to strike are due 21 days after the answer has been served.

Defendants filed their answer more than two years ago so, obviously, Plaintiff missed the deadline by which to file a Rule 12(f) motion to strike. Yet most of Plaintiff's motions are either expressly or effectively motions to strike. For example, Plaintiff argues that several of the affirmative defenses cannot properly be labelled as such since they do not impart on Defendants any burden of proof. Plaintiff also argues that affirmative defenses are not supported by sufficient allegations of fact. These and the other express or effective motions to strike are untimely and so should not be entertained. *Guanzon v. Vixxo Corp.*, 2020 WL 619695 at *8–9 (D. Ariz. Feb. 10, 2020) (refusing to consider de facto motions to strike affirmative defenses filed under the guise of summary judgment).

Though any motion to strike here is untimely, summary judgment is a procedural possibility. But a party cannot obtain summary judgment under standards meant to merely determine the sufficiency or propriety of the pleadings. A party is only entitled to summary adjudication on a matter if they succeed in showing that there is no genuine question of material fact and he is entitled to judgment as a matter of law.

A party moving for summary judgment has both the initial burden of production and the

3    **DEFENDANT CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
(503) 222-4499 | fax (503) 222-2301

ultimate burden of persuasion. *Nissan Fire & Marine Insurance Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). To carry its burden of production, a plaintiff seeking summary adjudication on a defense must either produce evidence negating one of its elements or show that the defendant does not have enough evidence on that element to prevail at trial. "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything." *Id*. Meanwhile, to carry its other burden, the moving party must persuade the court that there is no genuine issue of material fact.

With one or two exceptions, Plaintiff does not even attempt to meet her burden of production or persuasion because she has simply moved to strike using summary judgment as a guise. These putative motions for summary judgment should be denied out of hand. *Guanzon*, 2020 WL 619695 at *9 (denying motions for summary judgment against affirmative defenses where the plaintiff, relying on arguments about the sufficiency of the pleadings, did not attempt to meet her burden of production or persuasion). Defendants have no obligation to produce evidence demonstrating a material question of fact where Plaintiff has not even attempted to meet her burdens of production and persuasion.

Plaintiff fails to appreciate the consequences of summary adjudication. Striking an affirmative defense merely removes it from a pleading. It does not conclusively resolve the issues the defense has raised. Regardless of whether an affirmative defense could be properly labelled as such, it is still a *defense*. Striking an affirmative defense because, for example, the defendant has no burden of proof before the defense will apply to limit or eliminate his liability does not preclude the defendant from still raising that defense. By contrast, summary adjudication conclusively resolves an issue, removing it from further consideration during litigation. Summary adjudication against an affirmative defense precludes the defendant from raising the issues contained therein on the defendant's own motion for summary judgment or trial.

To illustrate, Plaintiff has moved against affirmative defenses which contend that her

4    **DEFENDANT CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
(503) 222-4499 | fax (503) 222-2301

claimed harms had causes other than Defendants' alleged conduct. Plaintiff argues that these are

not proper affirmative defenses because a plaintiff always has the burden to prove causation. But

the consequence of summary adjudication against these defenses would be to conclusively estab-

lish in this litigation that Defendants caused Plaintiff's claimed harms. Obviously, Plaintiff is not

entitled to summary adjudication resolving causation in her favor without satisfying the summary

judgment standards. *Perrin v. Papa John's International, Inc.*, 114 F. Supp. 3d 707, 722–23

(E.D. Mo. 2015) (denying summary judgment against improper affirmative defenses—those that

were merely "negative defenses"—because doing so would eliminate the need for the plaintiff to

prove many of the elements of her claims at trial).

## II.    Plaintiff's Motions

    For the reasons given above, most of Plaintiff's motions for partial summary judgment

should be denied for one or both of two reasons. First, they are expressly or effectively motions

to strike, and should be denied for being untimely. Second, Plaintiff seeks summary adjudication

on various issues without even attempting to demonstrate that there are no genuine questions of

material fact and that she is entitled to judgment as a matter of law. Plaintiff cannot obtain sum-

mary adjudication on an issue in this way.

### A.    Failure to State a Claim

    The 1st affirmative defense is based on the allegation that Plaintiff's complaint failed to

state facts sufficient to constitute claims. (Answer ¶ 74.) Plaintiff argues for summary judgment

because—and without supplying any evidentiary support—Defendants supposedly agreed that

the "only claims that this affirmative defense applies are those that are being briefed as part

of…dispositive motions."

    Summary judgment in Plaintiff's favor on the sufficiency of her complaint cannot be

granted. Whether the complaint stated claims for relief does not depend on the absence of any

5    **DEFENDANT CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
(503) 222-4499 | fax (503) 222-2301

material fact, obviously. But Plaintiff must still show that she is entitled to judgment as a matter of law. Plaintiff has not even attempted to meet her burden of persuasion on summary judgment by arguing that all the complaint's claims have been adequately pled. Whether Defendants agreed that this affirmative defense only applies to the claims being briefed as part of their summary judgment motion is not relevant to that issue.

Though the pleadings are closed, whether the complaint properly stated claims for relief is not a moot point. Summary adjudication on the sufficiency of the complaint still matters because—among other potential reasons—it would foreclose a judgment on the pleadings.

### B.      Probable Cause/Legal Justification

The 3rd affirmative defense is based on the allegations that there was probable cause for Payne's arrest, while the 4th affirmative defense is based on the allegations that Defendants' acts were "legally justified and lawful." (Answer ¶¶ 76–77.) Plaintiff moves against these affirmative defenses on the basis that they are not proper affirmative defenses, and that they are not sufficiently pled. These are effectively motions to strike, and so should be denied because they are untimely.

If considered as motions for summary judgment, they should be denied because Plaintiff did not offer any evidence or argument—with two exceptions discussed below—to show that Defendants cannot prevail on the defenses. For example, Defendants' motion for summary judgment explained that they cannot be liable on Plaintiff's battery claim because they used reasonable force in arresting Payne as authorized by ORS 161.233. Plaintiff offers no evidence or argument why Defendants cannot prevail on the battery or the other claims based on this or similar defenses.

Plaintiff does argue that Defendants cannot establish these affirmative defenses because there is no evidence they had probable cause to arrest Payne. For example, Plaintiff points out that Defendants admittedly did not arrest Payne because they believe he had committed some

6      **DEFENDANT CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
(503) 222-4499 | fax (503) 222-2301

crime. But as Defendants explained in their motion for summary judgment, they had probable

cause to arrest Payne because he was subject to an arrest warrant. (Plaintiff cannot seriously ar-

gue the affirmative defenses did not give her fair notice that Payne was arrested on an arrest war-

rant. One of the complaint's primary sets of allegations is that Defendants should not have

arrested Payne despite the warrant. (Amended Complaint ¶¶ 1, 52, 54, 58–62.))

Plaintiff also argues that she is entitled to summary judgment on any defense that is based

on allegations that Defendants were not negligent if they were acting in accordance with, or as

directed by, some law. Plaintiff reasons that a person can act pursuant to a law but still have been

negligent if in doing so they created an unreasonable risk of foreseeable harm, "Oregon's negli-

gence standard."

That is not accurate. Statutes that require certain conduct in a situation change the default

duty of care—that is, "Oregon's negligence standard"—to a duty of care based on what the stat-

ute requires. This is the whole point of a negligence per se claim. In negligence per se, the de-

fendant's violation of such a statute creates a rebuttable presumption that the defendant acted

negligently. Conversely, if the defendant in fact complied with the statute, then he is entitled to a

presumption that he did not act negligently under the circumstances. *See generally Shahtout v.*

*Emco Garbage Co., Inc*., 695 P.2d 897 (Or. 1985).

It is difficult to offer more of a response considering that Plaintiff's entire argument on

this point is encapsulated in one sentence, and considering that the negligence claim as asserted

in the complaint does not allege why, exactly, Defendants' conduct was negligent. Suffice it to

say, the premise of the argument is that the duty of care in a negligence claim is always deter-

mined by a "reasonableness" standard. That is just wrong.

### C.    Due Process Limitations on Punitive Damages

Plaintiff's Section 1983 claims include a prayer for an unspecified amount of punitive

damages. Accordingly, Defendants' 11th affirmative defense raised the due process limitation

7    DEFENDANT CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
(503) 222-4499 | fax (503) 222-2301

that has been found to apply to punitive damages awards. (Answer ¶ 78.) Under that limitation, a punitive damages award cannot be "grossly excessive" considering various factors. *See generally BMW of North America, Inc., v. Gore*, 517 U.S. 559 (1996). And so, for example, the maximum ratio allowable between punitive damages and any compensatory damages awarded is somewhere around 4 to 1.

Plaintiff moves against this affirmative defense, arguing that it is not a proper affirmative defense. That is effectively a motion to strike, which should be denied for being untimely. Meanwhile, summary judgment cannot be granted against this defense. To date, the Court has not dismissed Plaintiff's request for punitive damages, so an excessive award of punitive damages is still possible. Plaintiff cannot at this stage remove the issue of whether any punitive damages that might be awarded are unconstitutionally excessive because it would preclude Defendants from asserting a due process challenge. In effect, Plaintiff's motion asking for summary adjudication on the issue is premature, and should be denied for that reason. *See*, *e.g*., *EEOC v. Wynn Las Vegas, LLC*, 2018 WL 3381400 at *9 (D. Nev. July 10, 2018) (denying summary judgment against this affirmative defense on the grounds that it was premature).

### D.    OTCA Defenses

The answer raised several affirmative defenses under the Oregon Tort Claims Act, or OTCA. Plaintiff moves for summary judgment against these affirmative defenses.

### 1.    *General OTCA Defenses*

The 8th affirmative defense alleges that Plaintiff's state-law claims are "subject to the terms, conditions, immunities, and limitations on damages set forth" in the OTCA. (Answer ¶ 81.) Plaintiff moves against this defense, arguing that it is either an improper affirmative defense or that it is insufficiently pled. That is effectively a motion to strike, and should be denied for being untimely. Plaintiff is not entitled to summary judgment against these defenses either. She has

8    **DEFENDANT CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
(503) 222-4499 | fax (503) 222-2301

not even attempted to show that there is no material question of fact and that she is entitled to judgment as a matter of law on whether, for example, the various provisions of the OTCA would limit or eliminate Defendants' liability.

### 2.    *Proper Parties*

The OTCA provides that the "sole cause of action" for an OTCA claim "is an action against the public body," unless a complaint alleges damages above the tort cap limits. ORS 30.265(1)–(4). The complaint did not allege damages above the appliable tort cap. Accordingly, the 7th affirmative defense alleges that the individual defendants are not proper parties as to any tort claim. (Answer ¶ 80.)

Plaintiff argues that she is entitled to summary judgment on this affirmative defense. Her argument relies on *McLean v. Pine Eagle School District*, a district court case which says that a plaintiff can maintain tort claims against individual defendants if the complaint does not allege a specific amount of damages. *McLean* is contrary to the plain text of the OTCA. The statute provides that an OTCA action can only be "brought and maintained" against individual defendants if the complaint "alleges damages in an amount greater than" the tort cap limits. ORS 30.265(4). This language does not allow a plaintiff to maintain an OTCA action against individual defendants by simply omitting from the complaint any damages figure.

Regardless, this motion suffers the same defect as the motion against the affirmative defense which raised the due process limitation against an award of excess punitive damages: it is premature. However unlikely, it is possible that Plaintiff could seek to amend her complaint to allege damages below the applicable tort cap limit. Summary judgment against this affirmative defense would preclude Defendants from then moving to dismiss the individual defendants from the tort claims.

9    **DEFENDANT CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
(503) 222-4499 | fax (503) 222-2301

3.      *OTCA Notice*

The 9th affirmative defense is based on allegations that Plaintiff's tort claims were barred by her failure to provide adequate and timely tort-claim notice.

Plaintiff first moves against this defense on the basis that there is no question of fact about whether her tort claims are timely. This argument derives from a fundamental misunderstanding of when claims accrue, as Defendants explained in their own motion for summary judgment against Plaintiff's tort claims.

Plaintiff argues that her claims could not have accrued until she learned what had happened at the county jail, and that she did not learn what happened at the jail until she read about it in a newspaper article. The date Plaintiff allegedly learned what happened at the jail may or may not be relevant to when her claims against the county and its deputies accrued. But it has no bearing on when the claims against the city and its officers accrued. On March 27, 2020, a date well outside the limitations period that applies to the tort claims, Plaintiff herself witnessed both the wrongdoing she alleges of the city and its officers, and the resulting alleged harms. Plaintiff's tort claims therefore accrued outside the limitations period.

Moreover, the accrual of tort claims is subject to the discovery rule. Under the discovery rule, a claim accrues not only when—as happened here—a plaintiff knew about the defendant's alleged wrongful conduct and its role in causing the claimed harm, but also when the plaintiff should have known. *Doughton v. Morrow*, 298 P.3d 578, 583 (Or. App. 2013). The discovery rule has a "duty to inquire" aspect. *Id*. Once triggered, a claim accrues when the plaintiff's investigation into events would have revealed the alleged wrongful conduct and its role in causing the claimed harm.

Plaintiff's motion does not acknowledge the discovery rule's existence, much less attempt to argue or produce evidence on whether she had a duty to inquire, or whether an inquiry would have revealed within the limitations period the information she used in her claims against

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
(503) 222-4499 | fax (503) 222-2301

the county and its deputies. Because Plaintiff failed to make the attempt, she is not entitled to summary judgment even as to her claims against the county and its deputies.

Plaintiff also moves for summary judgment against this affirmative defense on the basis that her tort-claim notice was adequate. But in support, she merely states that Defendants have "conceded that they do not challenge the scope of the notice." That is neither argument nor evidence to establish whether the notice was, in fact, adequate such that Plaintiff would be entitled to summary judgment on the issue. Regardless, summary judgment would again be premature. Even assuming that Plaintiff's tort-claim notice was adequate as to the tort claims as currently pled, Plaintiff could still seek to amend her complaint—including to conform to the evidence presented at trial—in a way that renders her tort-claim notice inadequate. Summary judgment establishing that Plaintiff's tort-claim notice was adequate would preclude Defendants from arguing that notice was inadequate as to amended or new tort claims.

### E.    Immunity Under ORS 462.335(6)

Defendants' 10th affirmative defense alleges that defendants are immune from liability under the officer–hold statute. Plaintiff moves against this affirmative defense, arguing that it is inapplicable because defendants did not arrest Payne under this officer–hold statute. Defendants agree to withdraw this affirmative defense. As the defendant officers explained in their motion for summary judgment, they lacked probable cause to arrest Payne under the officer–hold statute because they were unable to conclude that he posed a danger to himself or others. Rather, the officers arrested Payne on an arrest warrant.

### F.    Cause-in-Fact

Defendants' 11th affirmative defense alleges that they were not the actual cause of Payne's claimed injuries. Plaintiff moves for summary judgment on the grounds that this is not a proper affirmative defense since she has the burden to prove causation. This motion should be

11    **DEFENDANT CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
(503) 222-4499 | fax (503) 222-2301

denied as an untimely motion to strike. If considered as a motion for summary judgment, it should be denied because Plaintiff did not offer any evidence or argument to show that Defendants were the cause-in-fact of the claimed injuries.

Again, Plaintiff fails to appreciate the consequences of asking for summary adjudication on an issue. Granting summary judgment in Plaintiff's favor would establish that Defendants' alleged conduct was the actual cause of Payne's claimed injuries, thereby precluding Defendants from arguing at trial that the claimed harm had causes besides their alleged conduct. Incidentally, Plaintiff's own complaint alleges that the county and its deputies caused the claimed injuries. (Amended Complaint ¶¶ 108–13.) Considering these allegations and the resulting claims against the county and its deputies—almost mutually exclusive of the claims against the city and its officers—granting summary judgment against this affirmative defense would create a paradox.

### G.    Contributory Fault

Plaintiff asserted a negligence claim. Accordingly, Defendants raised comparative negligence as their 12th affirmative defense, based on allegations that Payne's injuries were partly or wholly the fault of others. (Answer ¶ 12.) Plaintiff moves against this defense on the grounds that it is not supported by sufficient allegations. This motion should be denied as an untimely motion to strike. If considered as a motion for summary judgment, it should be denied because Plaintiff did not offer any evidence or argument to show that Defendants were solely at fault for the claimed injuries.

It should again be pointed out that Plaintiff's own complaint alleges facts to establish that Payne's injuries were partly or wholly the fault of others, including but not limited to the county and its deputies. Plaintiff cannot seriously argue that she did not have fair notice of the basis for a comparative fault defense when her own complaint includes the necessary allegations, or that she would be entitled to a judgment establishing that the city and the officers were solely at fault for Payne's injuries when her own complaint makes allegations directly to the contrary.

12    **DEFENDANT CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
(503) 222-4499 | fax (503) 222-2301

### H.    Comparative Fault

Plaintiff asserted a negligence claim. Accordingly, Defendants raised comparative negligence as their 13th affirmative defense, based on allegations that Payne was partly or wholly at fault for the claimed injuries. (Answer ¶ 86.) Plaintiff argues that she is entitled to summary judgment against this defense as a matter of law to the extent that it is based on Payne's use of methamphetamines.

For support, Plaintiff relies on *Son v. Ashland Community Healthcare Services*, 244 P.3d 835 (Or. App. 2010). The court in *Son* held that comparative fault is not a valid defense in a medical malpractice case if it is based on the patient's conduct which caused the condition the defendant medical professional agreed to treat. Comparative fault is only a valid defense in a medical malpractice case if it is based on conduct which occurred during the treatment itself, thereby compromising its effectiveness. Plaintiff argues that this holding also applies when police have been called to help someone in trouble of their own making. Plaintiff concludes from this that comparative fault is not a valid defense here to the extent that Payne was high on methamphetamines, and that the defendant officers responded to Plaintiff's call for help in dealing with the consequences of Payne's own methamphetamine use.

No court in Oregon or anywhere else has taken the rule from *Son* or anything like it and applied it to preclude a comparative fault defense outside the medical malpractice context. And because of the reasoning *Son* used to reach its holding, it cannot possibly apply to preclude the comparative fault affirmative defense here.

*Son* premised its holding on the special relationship that arises between a doctor and a patient when the doctor agrees to take on his care. That special relationship confers on the doctor a duty of care beyond the ordinary duty we all owe to avoid conduct that creates a foreseeable risk of harm. Namely, the doctor agrees to use the care that prevails among his peers in treating the condition as it has been presented to him. If the doctor breaches the heightened duty of care he owes, then the patient has an actionable claim for professional negligence. Because the doctor

13    **DEFENDANT CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
(503) 222-4499 | fax (503) 222-2301

has agreed to treat the condition as presented to him, whatever may have caused that condition—including the patient's own conduct—is not relevant to the question of whether the doctor met the standard of care in treating it. *Id*. at 843.

In a topic covered in Defendants' motion for summary judgment, police do not assume any duty of care whatsoever in responding to an emergency call that would be actionable in negligence. Thus Defendants cannot be liable in the first place on Plaintiff's allegations that they were negligent in how they handled Payne when he was high on methamphetamines. For example, as Defendants explained in their summary judgment motion, they owed Payne no actionable duty of care to arrest him under the officer–hold statute in order to force him to receive medical treatment or a medical evaluation. But even if they *could* be liable in negligence, they would certainly be entitled to offset that liability if Payne's own decisions were responsible for his regrettable state.

Plaintiff also moves to strike the comparative fault defense which simply admits the possibility that Payne may have been at fault for his injuries in more ways than the comparative fault defense enumerated. Again, this motion should be denied as an untimely motion to strike. And if considered as a motion for summary judgment, it should be denied because Plaintiff did not offer any evidence or argument to show that Payne was not at fault in ways other than those enumerated in this affirmative defense.

//

//

//

//

//

//

//

14   **DEFENDANT CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

## CONCLUSION

Defendants withdraw the 10th affirmative defense. For the reasons given above, the

Court should deny Plaintiff's motions for partial summary judgment against the other affirmative

defenses.

HART WAGNER LLP

Dated August 7, 2024                    By:     */s/ Kimberlee C. Morrow*
                                                 Kimberlee C. Morrow, OSB No. 830280
                                                 kcm@hartwagner.com

                                                 Of Attorneys for Defendants
                                                 City of Eugene, Jairo Solario,
                                                 Andrew Roberts, Jacob Thomas,
                                                 and Robert Griesel

15    **DEFENDANT CITY OF EUGENE, JAIRO SOLORIO, ANDREW ROBERTS, JACOB THOMAS, AND ROBERT GRIESEL'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**(503) 222-4499 | fax (503) 222-2301**