**Derek Larwick, OSB No. 120334**
**derek@larwick.com**
LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598
Fax: (541) 600-4598

**Willow Hillman, OSB No. 153514**
**willow@willowhillmanlaw.com**
LAW OFFICE OF WILLOW HILLMAN
44 W Broadway Ste 222
Eugene, OR 97401
(541) 735-3678
Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ANZHELIKA PAYNE, personal representative to the estate of LANDON JAY PAYNE,<br><br>Plaintiff,<br><br>v.<br><br>JAIRO SOLORIO, an individual, ANDREW ROBERTS, an individual, JACOB THOMAS, an individual, ROBERT GRIESEL, an individual, JUSTIN WILSON, an individual, ZACHERY FULTON, an individual, EMMA GROTEFEND, also known as EMMA EDWARDS, an individual, COLTER GAWITH, an individual, NATHAN GENT, an individual, | Case No. 6:22-cv-00471-MC<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT**<br><br>Request for Oral Argument |

MICHAEL BAEUERLEN, an individual, STEPHEN FOLEY, an individual, JOSEPH FISHER, an individual, JEREMY FIFER, an individual, WILLIAM MCCLURE, an individual, LANCE JESTER, an individual, RICHARD CLINTON RILEY, an individual, CONNOR WEST SANTINI, an individual, LANE COUNTY and CITY OF EUGENE, a municipal corporation.

Defendants.

**STATEMENT OF CONFERRAL**

Pursuant to LR 7.1, the undersigned attorney for plaintiff certifies that counsel for the parties have conferred and made a good faith effort to resolve the issues raised by the motion set forth below and have been unable to do so.

**MOTION**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Anzhelika ("Angie") Payne moves the court for an Order granting Plaintiff leave to file a Second Amended Complaint. A "tracked changes" version of the proposed Second Amended Complaint is attached as Exhibit 1 and a "clean version" is attached as Exhibit 2.

This motion is made in good faith and in the interests of justice and not for purposes of delay and is supported by the authorities set forth in the Memorandum of Law.

**DESCRIPTION OF PROPOSED CHANGES**

The proposed amendments are necessary to limit Plaintiff's claims to those that are supported by the evidence obtained during discovery of this matter and to conform the allegations to evidence obtained during discovery.



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

Specifically, as Plaintiff made clear in the motions for partial summary judgment and the oppositions to the Defendants' motions for summary judgment, Plaintiff is relinquishing several claims (IIED claims, battery claims, and the 42 U.S.C. § 1983 claims against the City of Eugene Defendants) and will be dismissing several defendants, including Jacob Thomas, Andrew Roberts, Emma Grotefend, Colter Gawith, Stephen Foley, Joseph Fisher, Lance Jester, and Richard Clinton Riley. Accordingly, the proposed amendments reflect those clarifications.

The Court may elect to rule on this motion to amend before ruling on the pending motions for summary judgment because some of the summary judgment motions will become moot upon the filing of Plaintiff's proposed Second Amended Complaint.

## MEMORANDUM OF LAW

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that any party may amend its pleading if the Court grants leave to amend, and "[t]he court should freely give leave when justice so requires."[1]

The U.S. Supreme Court explained in *Foman v. Davis*, the mandate that trial courts are to follow when allowing amendments:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of

[1] Fed. R. Civ. P. 15(a)(2).



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

> discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.[2]

The factors set out in *Foman* are sometimes called the *Foman* factors and are routinely used by Courts in the Ninth Circuit to evaluate motions to amend.[3] For example, the Ninth Circuit has summarized and applies the *Foman* factors in the following way:

> Leave to amend a party's pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure should be freely given when justice so requires, and generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party. Rule 15(a) is designed to facilitate decision on the merits, rather than on the pleadings or technicalities.[4]

The policy of allowing amendments "is 'to be applied with extreme liberality.'"[5] Plaintiff addresses each of the *Foman* factors in turn.

**A. Plaintiff's motion to amend is not made in bad faith**

Now that discovery has occurred, Plaintiff has more information about which Deputies and Police Officers were involved in causing harm to Mr. Payne. Most of Plaintiff's proposed amendments are striking claims and releasing certain Defendants. All of those actions demonstrate good faith conduct by Plaintiff.

Plaintiff's proposed amendments also seek to conform the Complaint's allegations to the evidence that was elicited in the document and video production and roughly 36

---

[2] *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (internal citations omitted).

[3] *E.g.*, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F3d 975, 985 (9th Cir. 2011) (referring to the "*Foman* factors").

[4] *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F3d 1143, 1152 (9th Cir. 2011) (internal quotation marks, alterations, and citations omitted) (quoting Fed. R. Civ. P. 15(a) and *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

[5] *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (*quoting Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)).



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

transcripts of depositions taken in this case. Those proposed amendments also demonstrate that Plaintiff's motion to amend is brought in good faith.

Furthermore, Plaintiff made clear throughout the briefing of the summary judgment motions and responses that Plaintiff was intending to seek leave to amend the Complaint, and Plaintiff has been clear about which claims and defendants Plaintiff was intending to dismiss or clarify. These amendments, if allowed, would streamline the issues that the Court needs to decide in relation to the summary judgment motions and narrow the issues a jury will need to decide at trial. Because this motion is made in good faith, leave to amend should be granted.

**B. Plaintiff's motion does not create undue delay**

Discovery in this case closed on May 17, 2024. Following that period of time, Plaintiff's team evaluated the substantial evidence in this case and prepared the dispositive motions that were due and filed on July 17, 2024. Plaintiff did not seek extensions of time, and has throughout this case acted promptly and diligently in compliance with all deadlines. Plaintiff's motion to seek leave to amend does not create any delay because the summary judgment motions have already been completed and filed on schedule. Because no undue delay is created, this Court should grant leave to amend.

**C. Plaintiff's proposed amendments are not futile**

Plaintiff's requested amendments are based on the evidence that was elicited in discovery. Plaintiff's oppositions to Defendants' motions for summary judgment [Doc-61, Doc-66] describe and cite to the evidence upon which Plaintiff relies. The proposed amendments are consistent with and supported by that evidence and are not futile. Because Defendants cannot make a showing that allowing the amendments would be futile to Plaintiff's claims, leave to amend should be granted.



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

### D. Plaintiff's proposed amendments do not cause undue prejudice

The proposed amendments withdraw certain claims but do not add any claims. The amendments clarify some aspects of the negligence claims in light of the evidence in this case. The currently pleaded negligence claims are asserted against "all defendants" and contain few details other than incorporating previous paragraphs. Some of those previous paragraphs related to Defendants' failure to provide adequate medical care to Mr. Payne, although those allegations were initially asserted as part of the constitutional violations.

After reviewing the facts learned in discovery, Plaintiff decided to withdraw the constitutional claim against the Lane County Defendants for inadequate medical care and instead focus on the negligence claim against Lane County for inadequate medical care, specifically with regard to the negligent CPR efforts by the Lane County Defendants. Throughout this case, ample discovery was conducted on the CPR training and efforts of Lane County's deputies,[6] as negligent CPR has always been a focal point in this case.

---

6 *E.g.*, [Doc. 64-19] Emma Grotefend Depo. at 23:4-24:6, 38:8-14, 76:21-77:3, 83:7-22, 89:25-90:6, 91:2-13; [Doc. 64-22] William McClure Depo. at 12:3-12, 15:16-19, 19:6-19, 20:10-23, 21:4-22:15, 32:6-17, 41;8-20, 51:16-22; [Doc. 64-21] Clinton Riley Depo. at 18:5-15, 39:9-13, 42:20-43:17, 44:7-45:1, 92:19-93:9; [Doc. 64-26] Lance Jester Depo. at 38:20-39:4, 46:21-24, 47:1-24, 48:15-49:1, 79:19-81:11, 111:3-10, 112:12-21: [Doc. 64-16] Jeremy Fifer Depo. at 14:17-23, 15:8-16, 26:9-18, 27:2-4, 29:12-20, 39:3-5, 59:15-19; [Doc. 64-14] Baeuerlen Depo. at 14:10-12, 17:7-16, 54:8-23, 55:3-11, 56:1-6, 83:14-21; Stephen Fisher Depo. at 14:7-23, 15:25-16:7, 35:12-21, 39:25-40:6, 41:16-22; [Doc. 64-23] Nathan Gent Depo. at 26:17-27:17, 35:8-14, 38:4-12, 40:15-42:14, 57:6-58:6, 66:2-67:19, 80:12-24; [Doc. 64-17] Zachery Fulton Depo. at 11:5-15, 16:18-21, 18:19-19:1, 21:8-13, 26:11-14, 33:18-21, 44:12-17, 46:3-6; [Doc. 64-24] Justin Wilson Depo. at 24:2-25:22, 26:17-20, 39:1-12; Stephen Foley Depo. at 22:20-24:19, 26:22-27:2, 59:11-60:3; [Doc. 64-18] Connor Santini Depo. at 22:1-14, 87:13-20, 88:19-89:6, 104:17-24; [Doc. 64-15] Colter Gawith Depo. at 15:20-22, 16:3-8, 21:13-22:12.



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

Because Plaintiff's proposed amendments merely narrow and clarify existing claims, about which ample discovery was conducted, Defendants have experienced no unfair prejudice as a result of the proposed amendments.

Furthermore, to the extent that Defendants seek to support their defenses by the testimony of expert witnesses, Defendants continue to have significant time and ability to do so, and the amendments clarify the issues upon which expert witnesses may offer their testimonial opinions. Plaintiff's proposed amendments narrow the issues for trial, making it easier for Defendants to confer with expert witnesses on a narrower set of topics.

Furthermore, Plaintiff was not able to clarify and narrow the claims and defendants before discovery in this case because the Lane County Defendants did not provide videos or key documents until long after this case was filed. Accordingly, the fact that Plaintiff is requesting amendment to conform the pleadings to the evidence should not be construed as a cause of unfair prejudice. Because Defendants cannot show that allowing the amendments would cause them significant unfair prejudice, leave to amend should be granted.

**CONCLUSION**

For the reasons stated above, Plaintiff requests that the Court grant leave to allow Plaintiff to file the proposed Second Amended Complaint.

Dated September 5, 2024.

LARWICK LAW FIRM

Derek Larwick, OSB No. 120334
Email: derek@larwick.com
Keith Reed, OSB No. 205506
Email: keith@larwick.com

LAW OFFICE OF WILLOW HILLMAN
Willow Hillman, OSB No. 153514
Email: willow@willowhillmanlaw.com
Of Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that Plaintiff's Motion for Leave to Amend First Amended Complaint is being served on the parties, through their respective counsel, in the following manner:

■ First class mail (to all addresses shown below)
☐ Fax (to all fax numbers shown below)
☐ E-mail (to all e-mail addresses shown below)
☐ Electronically by the Court's eFiling system
☐ Hand delivery

Andrea Coit, OSB No. 002640
HUTCHINSON COX
940 Willamette Street, Suite 400
PO Box 10886
Eugene, OR 97440
Fax: (541) 343-8693
acoit@eugenelaw.com

Kimberlee C. Morrow, OSB No. 830280
HART WAGNER
1000 SW Broadway, Suite 2000
Portland, OR 97205
Fax: (503) 222-2301
kcm@hartwagner.com

Dated September 5, 2024. LARWICK LAW FIRM

Derek Larwick, OSB No. 120334
Email: derek@larwick.com
Of Attorneys for Plaintiff



LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598